## BURLINGAME *v.* CENTRAL R. OF MINN.[1]

*(Circuit Court, E. D. New York.* February 24, 1885.) ·

VERDICT—POWER OF COURT TO CORRECT MISTAKE IN.
  Where a jury, in an action for services, returned a verdict for plaintiff for $3,500, and two days after, while counsel for both parties were present, the court directed the jury to be recalled, and they all, on being asked if that was their verdict, answered that it was not,—that their verdict was for $3,500, *with interest,*—*held,* that the court had power to cause the mistake to be corrected, and that the plaintiff should have judgment for $3,500, and interest.

Motion for Judgment on Verdict.

*P. W. Ostrander,* for plaintiff.

*Deforest & Weeks,* for defendant.

WHEELER, J.   This is an action to recover for personal services rendered while the plaintiff was a director and treasurer of the defendant.   The jury was directed to return a verdict for the plaintiff for such services as he rendered, if any, outside the scope of his duties as director and treasurer, at the special request of the president and the rest of the board of directors, and that if they found for the plaintiff they might allow interest from the time when the services were completed.   Late in the day they returned a verdict for the plaintiff for $3,500, and the court was immediately adjourned to the next day. During the next day a statement was made to the court that the jury intended to give a verdict for $3,500, with interest.   On the morning of the next day after that, and on notice to defendant's counsel to be present, and while the counsel for both parties were present, the court directed the jury to be recalled to their places, and that the verdict, as recorded, be read to them, and that they be asked if that was their verdict.   This was done, and the foreman answered that it was not; that their verdict was for $3,500, with interest.   They were directed to compute the interest and agree upon the amount, which they did; and answered that it was $2,038.20, making $5,538.20, and that their verdict was for the plaintiff for that amount, which was ordered to be recorded, and the jury, being interrogated separately, all said that that was their verdict.   At the same time an affidavit of all the jurors was presented and filed, stating that the verdict agreed upon was for the plaintiff for $3,500, with interest.

The plaintiff now moves for judgment on the verdict for the full amount.   The defendant objects to judgment on the verdict for any more than $3,500, on the ground that interest was not recoverable, and because it was not within the power of the court to allow the verdict to be varied after it had been received and recorded.   As the services were rendered on special request, and to be paid for, the pay was due when they were performed, and after that time was detained by the defendant against the right of the plaintiff to have it.   Under

1Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

these circumstances it ought to bear interest. *People* v. *Gasherie*, 9 Johns. 71; *Wood* v. *Robbins*, 11 Mass. 504; *Burdett* v. *Estey*, 19 Blatchf. 1; S. C. 3 FED. REP. 566.

The power of the court to cause the verdict to be corrected would seem to be ample, according to the law of the state of New York, and the practice of its courts, as settled by its highest court. In *Dalrymple* v. *Williams*, 63 N. Y. 361, the jury returned a verdict against two, when the verdict agreed upon was against one, and in favor of the other, and the verdict was recorded and the jury separated; afterwards, on the same day, on the affidavit of all the jurors, the verdict was corrected and the judgment entered upon it. This course was approved. In *Cogan* v. *Ebden*, 1 Burr. 383, where the issue was as to two rights of way under which the defendant justified, the jury found for the defendant as to one, and for the plaintiff as to the other, but returned a verdict for the defendant as to both and separated. This verdict was corrected on the affidavit of the jurors. In this case there is no suspicion of any unfair conduct on the part of the jurors, or any one. It was an honest mistake, which, if not corrected, would prevent the finding of the jury as it actually was from being carried out. The correction is not an impeachment of the verdict by the jurors in any sense. It upholds the real verdict, and prevents miscarriage in its delivery into court. The verdict as first recorded was not the real verdict of the jury. If it could not be corrected, it should be set aside. Neither party has moved for that.

Judgment on verdict for full amount.