## MELEAKA HOW ON AND HOW ON *v.* AMOE AH HO AND TONG JUNG, alias YEE SUNG.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

ARGUED APRIL 3, 1905.   DECIDED APRIL 18, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

EJECTMENT—*verdict.*

> In ejectment claiming right to possession of land and damages the following verdict was rendered: "We the jury in the above entitled cause find for the plaintiff in the sum of one dollar damages." Held, that the verdict, which was deficient in not expressly finding one of the issues in the case, may be aided by the pleadings, instructions and exhibits, so as to supply by intendment that which was not expressed in it, but which neces-

sarily followed from that which was expressed, viewed in connection with the pleadings, instructions and exhibits, and should be construed in this case to mean a verdict for plaintiff for the land described in the complaint and one dollar damages.

### OPINION OF THE COURT BY WILDER, J.

This is an action of ejectment in which plaintiffs claimed a piece of land in Lahaina and damages for its detention. Defendants filed a general denial. The jury returned a verdict in the following form: "We, the jury in the above entitled cause, find for the plaintiff in the sum of one dollar damages." Thereafter defendants filed a motion for a new trial on the following grounds, to wit:

1. That said verdict does not conform and respond to the issues of fact submitted by the pleadings in said case, but, to the contrary, fails to comprehend all of the issues raised by said pleadings;

2. That said verdict is irregular and defective in that it does not determine the issue of ownership and legal title to the property in controversy in said action, and which issue is raised by the pleadings;

3. That said verdict is irregular and fatally defective in that it does not determine and settle the issue of right of possession to the land in controversy in said action, and which issue is raised by the pleadings;

4. That said verdict is irregular and fatally defective in that it does not specify any estate whatever upon which judgment can be rendered.

Although the motion for new trial was based in part on the stenographer's notes and clerk's minutes, they are not included in the record sent up to this court, and, so far as this court is concerned, no objection was made by either side to the form of the verdict at the time it was rendered. The motion for a new trial was granted by the trial court, and the case comes to this court on plaintiffs' exception to such ruling.

The sole point is, did the verdict sufficiently respond to the

issues. There were but two issues submitted to the jury, namely, (1) right to possession of the land, and (2) damages for its detention. The second issue was dependent upon the first one and could only be passed on in case the first issue was found in favor of the plaintiffs.

It is true that the verdict is bad if it varies from the issue in a substantial matter, or if it find only a part of that which is in issue, but it is also true that a verdict will be held sufficient if the court can ascertain what was found and it is in substance responsive to the issue tried. Verdicts should be liberally construed.

. In *A. T. & O. R. R. Co. v. Purifoy,* 95 N. C. 302, which was an action to set up a lost deed, the jury found that the defendant did not execute a deed for any part of the land but did not specifically find that no deed was ever executed, the court interpreting the verdict in connection with the issue submitted.

In *M'Murray v. Oneal,* 1 Call. (Va.) 246, referred to in Sedgwick & Wait on Trial of Title to Land, Sec. 498, a verdict in ejectment, "For the plaintiff one cent damage," was extended by the court, and made to read, "We of the jury find for the plaintiff the lands in the declaration mentioned and one cent damage."

In *Keshner v. Keshner,* 36 Md. 309, also referred to in Sedgwick & Wait, Sec. 498, it appeared that the jury found a verdict "for the plaintiff, and assessed the damages at one cent." The court held that the plain meaning and import of this verdict was that the defendants were guilty of the trespass and ejectment complained of in the declaration, and that the jury assessed the damages resulting therefrom to the plaintiff to be one cent.

The case of *Pearce v. Bell,* 21 Tex. 688, is in point. That was a suit for debt and foreclosure of mortgage. The issues were, first, the existence of the mortgage, and, second, the amount due under the mortgage. The jury returned the following verdict: "We, of the jury, find for the plaintiff the sum of $1,573." The court said: "This finding of the jury

under the issue could not possibly have been arrived at without also finding that the mortgage had been executed." It was very much like the case at bar where the jury could not possibly have passed upon the second issue, namely, that of damages, in favor of the plaintiff, unless they also found in favor of the plaintiff on the first issue, namely, right to possession of the land. It was held in that case that the verdict, which was deficient in not expressly finding one of the issues in the case, could be aided by the pleadings so as to supply by intendment that which was not expressed in it but which necessarily followed from that which was expressed, viewed in connection with the pleadings. See also *Purner v. Koontz,* 138 Ind. 252.

Applying this principle to the facts in the case at bar, it will be seen that by the pleadings there were two issues submitted, the first, one of right to possession, and the second, one of damages, which was dependent on the first. The record further discloses from the instructions given to the jury that it was made clear to them what the issues were, and that they could not possibly find damages for plaintiffs without also finding the right to possession of the land to be in plaintiffs. Of defendants' eight instructions seven of them had reference to the right to possession of the land, the other one being as to the prepon derance of the testimony. Eleven instructions were given to the jury on behalf of plaintiffs, ten of them dealing with the question of the right to possession of the land, and the eleventh distinctly charging the jury that if they found for the plaintiffs on the question of the right to possession of the land then they should award the proper damages. That the instructions may be considered in this court in order to aid the verdict, see *Bennett v. Butterworth,* 52 U. S. 669. It is clear, not only from the pleadings and testimony, but also from the instructions, that the jury intended to, and in effect did, find for the plaintiffs on both of the issues submitted.

*Kekaua v. Kalei,* 3 Haw. 683, 713, was an ejectment case in which the jury rendered a verdict in Hawaiian, which, when translated, reads as follows: "We, the jurors, have decided

unanimously in favor of the plaintiff; and we do not believe that a proper deed was made between Kanepuaa and Pupuka, the parties owning the land, and Kaluahi, the father of the defendant." At the time of the rendition of the verdict the foreman of the jury stated that they did not believe the witness Keliikanakaole, whose evidence had been adduced to interrupt the defendants' prescription. The court said, on page 684, that the form of the verdict was not objected to at the time of its rendition and "did not need correction." Defendants assigned error in that the jury erred in returning a verdict for the plaintiffs on the ground that they found that the deed under which the defendants claimed was not a good one, and in that the jury by their verdict did not express any conclusion upon the evidence supporting or opposing the title by prescription, also set up by the defendants. The verdict was upheld and the court said, on page 714, that "It is apparent from the record that the jury did not sustain the deed of the defendants, and as they found for the plaintiffs, it must be inferred that they found as proven all the facts necessary to make out the plaintiffs' case, and that they did not find the prescription of the defendants as proven, in spite of their disbelieving the witness Keliikanakaole."

The formal defect in the verdict in the case at bar undoubtedly could and would have been removed at the time of the rendition of the verdict and before the jury were discharged, had the matter been called to the attention of the trial court. We think that justice requires that this verdict be upheld.

The exception is sustained and the case is remanded to the circuit court of the second circuit with instructions to enter up judgment for plaintiffs for the land described in the complaint and one dollar damages.

*C. W. Ashford* for plaintiffs.

*James L. Coke* and *D. H. Case* for defendants.