THE McCABE LUMBER COMPANY v. THE BEAUFORT COUNTY
LUMBER COMPANY.

(Filed 19 March, 1924.)

**Verdicts—Correction—Courts.**

It is within the sound legal discretion of the trial judge to permit a
jury, before its discharge, at the instance of its members and without sug-
gestion from others, to reassemble as the jury in the case, and correct
an error in calculation as to damages in their verdict, so as to make it
conform to the true verdict they had theretofore agreed upon. The prin-
ciple upon which a jury is not allowed to attack a verdict they had previ-
ously rendered is distinguished.

APPEAL by plaintiff from *Horton, J.,* at November Term, 1923, of
CRAVEN.

Civil action to recover damages for an alleged trespass and for the
wrongful cutting and removal of plaintiff's timber.

Upon denial of liability, and issues joined, the jury returned the fol-
lowing verdict:

"1. Is the plaintiff the owner of the land in controversy, described in
the amended complaint? Answer: Yes.

"2. Has the defendant wrongfully trespassed on said land? Answer:
Yes.

"3. What damage is plaintiff entitled to recover by reason of said
wrongful trespass? Answer: $10800, with interest." (Later corrected
to read $1080, with interest.)

Plaintiff tendered judgment on the verdict as originally rendered, and
objected to any correction or reformation of it by the jury. From the
judgment rendered on the verdict as corrected the plaintiff appeals.

*R. A. Nunn and Guion & Guion for plaintiff.*
*Moore & Dunn for defendant.*

STACY, J. The single question presented by this appeal is whether
the court acted without authority in permitting the jury to correct their
finding after returning the verdict, and to make it speak what they had
agreed and intended it should, or to reform it in accordance with what
they actually found.

The material facts, briefly stated, are as follows: The jury came into
the courtroom about 12 o'clock noon and rendered their verdict as
above set out. The issues were given to the clerk for recording. The
court then excused the jury until after the noon recess. They separated
and went out for dinner. About 2 p. m., just before the reconvening of

·court, several members of the jury approached the judge and stated that a mistake had been made in the verdict, and they desired to correct it. Upon the opening of court for the afternoon session, his Honor caused the jury to be reassembled in the box, and upon inquiry each and every juror stated that a mistake had been made in the answer to the third issue; that instead of being $10800 it should have been $1080. It was their finding that the plaintiff should be allowed $1 per 1,000 feet cut, but the foreman, in calculating the amount, erroneously computed it on the basis of $1 per 100 feet. Whereupon, the court, over plaintiff's objection, allowed the jury to retire with the issues and to reform the answer to the third issue in accordance with their original agreement and understanding. Plaintiff objected, and tendered judgment on the verdict as originally rendered.

There is no suggestion of any tampering with the jury, or other improper influence having been exerted over them, between the time they first rendered their verdict and when they asked to be allowed to reform it. *Petty v. Rosseau,* 94 N. C., p. 362.

It is firmly established in this State that jurors will not be allowed to attack or to overthrow their verdicts, nor will evidence from them be received for such purpose. *Baker v. Winslow,* 184 N. C., p. 9; *Purcell v. R. R.,* 119 N. C., p. 739; *Johnson v. Allen,* 100 N. C., 137; *Jones v. Parker,* 97 N. C., 33; *S. v. Royal,* 90 N. C., 755; *McDonald v. Pless,* 264 U. S., 269; 59 L. Ed., 1300. But this rule does not affect the power of the court to perfect a verdict, nor to correct any inadvertence or mistake that may have occasioned the entry of a verdict at variance with the real finding of the jury. *Cox v. R. R.,* 149 N. C., 87; *Cole v. Laws,* 104 N. C., 657; *Petty v. Rosseau, supra; Willoughby v. Threadgill,* 72 N. C., 438; *Wright v. Hemphill,* 81 N. C., 33.

The following general statement of the law, supported by the citation of a number of authorities, is taken from 27 R. C. L., 900:

"*Mistake or Clerical Error.*—The general rule that the statements of jurors will not be received to establish their own misconduct or to impeach their verdict does not prevent the reception of their evidence as to what really was the verdict agreed on, in order to prove that, through mistake or otherwise, it has not been correctly expressed, as the agreement reached by the jury, and not the written paper filed, is the verdict, and a showing that the writing is incorrect is not an impeachment of the verdict itself."

The instant case presents, not an impeachment of the jury's verdict, but a correction of it such as the law allows.

We are not inadvertent to what was said in *Mitchell v. Mitchell,* 122 N. C., 332, but the circumstances of that case were quite different from what they are here. There the verdict had become a part of the

LERCH *v.* McKINNE.

minutes of the court. The jury had separated and were out overnight. There was no suggestion from any of them that a mistake had been made or that they wished to reform the verdict as originally returned. Here the jury, of their own volition and without suggestion from any one, have asked to be allowed to correct the error or mistake. We think his Honor has acted within his discretionary powers.

No error.