## FREID v. McGRATH.
### No. 7895.

United States Court of Appeals for the District of Columbia.
Decided May 17, 1943.

For former opinion, see 133 F.2d 350.

Messrs. Lawrence Koenigsberger, Morris Simon, Eugene Young, and Lewis Jacobs, all of Washington, D. C., for appellant.

Messrs. Dorsey K. Offutt, Louis Ginberg, Carlton F. Alm, and Wade H. Mitchell, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellee has requested that the mandate of the court be recalled and its opinion clarified in this case. In that opinion the District Court was directed "to reinstate the verdict for plaintiff in the first trial and to enter final judgment thereon." Specifically, appellee suggests, an indication should be given whether the verdict to be reinstated "is the true verdict of the jury for the appellee in the sum of $850.00 or the erroneous announcement of the jury of its verdict in the sum of $425.00."

As the case stands at the present time, there is no recorded verdict upon which judgment can be entered. The District Court set aside the first one, when it granted the new trial. Our mandate required that the second one be set aside. The District Court must now act to reinstate the proper verdict. If any question remains as to what constitutes the true verdict of the jury, it must be decided by the District Court, in the proper exercise of its discretion,[1] using such information as may be available to it. We express no opinion as to whether the question is open or, if open, how it should be decided. The rules of law which will govern the exercise of the District Court's discretion may be stated, briefly, as follows: Where the jury's error is patent on the face of the verdict, the court should so amend the verdict as to make it conform to correct legal principles.[2] But where the mistake is latent in and not apparent on the face of the ver-

dict, it is sometimes proper to receive the affidavits of the jurors to ascertain their true verdict.[3] Although great caution[4] should be exercised in the use of such affidavits, there is no inflexible rule against their use,[5] especially when they are offered, not for impeachment of the verdict, but rather for ascertainment of the true verdict.[6] The distinction between cases where the affidavits of jurors will not be received and cases where they will be received goes not to the "types of cases in which the proof may be offered, but rather goes to the question of what it is the moving party offers to prove."[7] If the jury actually found a verdict in the amount of $850.00, but mistakenly apportioned that amount between two defendants, the District Court, if properly convinced of that fact, would have power to correct the verdict accordingly; so that it would express the conclusion actually reached, and finally agreed upon by the jury—but mistakenly reported to the court.[8]

The mandate will be recalled and a new mandate will issue. In all other respects appellee's motion must be denied.

It is so ordered.

EDGERTON, Associate Justice (dissenting).

Appellee's verdict against appellant was for $425. The foreman reported in open court that the jury had agreed upon that verdict. The other jurors then expressly confirmed it and the clerk recorded it. This court directed the District Court to reinstate the verdict and enter judgment upon it. This court now says in effect that testimony such as that which the District Court had already heard and struck out would justify that court, in the exercise of its discretion, in setting aside the verdict and entering a larger one.[1] But

---

[1] Pelzer Mfg. Co. v. Hamburg-Bremen Fire Ins. Co., C.C.D.S.C., 71 F. 826, 830.

[2] Washington Market Co. v. Clagett, 19 App.D.C. 12, 27, 28; Dextone Co. v. Building Trades Council, 2 Cir., 60 F.2d 47, 49.

[3] Pelzer Mfg. Co. v. Hamburg-Bremen Fire Ins. Co., C.C.D.S.C., 71 F. 826, 830, 831; Elliott v. Gilmore, C.C.E.D. Pa., 145 F. 964; Glennon v. Fisher, 51 Idaho 732, 736, 10 P.2d 294, 295; McCabe Lumber Co. v. Beaufort County Lumber Co., 187 N.C. 417, 418, 121 S. E. 755, 756; Moulton v. Staats, 83 Utah 197, 206, 27 P.2d 455, 459.

[4] Mattox v. United States, 146 U.S. 140, 148, 13 S.Ct. 50, 36 L.Ed. 917.

[5] Clark v. United States, 289 U.S. 1, 18, 53 S.Ct. 465, 77 L.Ed. 993; Mattox v. United States, 146 U.S. 140, 148, 149, 13 S.Ct. 50, 36 L.Ed. 917.

[6] Burlingame v. Central R. of Minn., C.C.E.D.N.Y., 23 F. 706, 707.

[7] Southern Pac. Co. v. Klinge, 10 Cir., 65 F.2d 85, 88.

[8] Capen v. Inhabitants of Stoughton, 16 Gray, Mass., 364, 365–367.

[1] No one suggests that more or better testimony adverse to the verdict might now be forthcoming, three years after

there is no evidence that the jury's true verdict was mistakenly reported to the court, or that the jury ever agreed upon a verdict of more than $425. There is overwhelming evidence to the contrary.

A week after the verdict was returned in court, four jurors made affidavits to the effect that they had believed and intended that appellee would be able not only to collect this $425 verdict from appellant, but also to collect a like amount from a co-defendant under a separate verdict. Similarly, ten jurors testified orally that they had intended appellee's *total* recovery to be $850. But of eight who were cross-examined as to what they had intended to be the limit of *appellant's* liability to appellee, two had not discussed or thought about that question; five, including the foreman, testified in effect that they had intended appellant's liability to be limited to $425; and only one indicated that he might have intended appellant to be liable for $850.

I think the District Court was right in striking all this testimony. It would support no conclusion more material than this, that though (1) the jury did not intend appellant to be liable for more than $425, (2) it intended appellee to recover from the two defendants a total of $850. The jury appear to have had an erroneous belief, due to a misunderstanding of the court's instructions, that verdicts against the two persons responsible for appellee's injuries could be cumulatively collected. This belief may have been one of the motives which led the jury to fix $425 as the amount of its verdict against the appellant. All this is immaterial. It seems likely that general verdicts often reflect a jury's misunderstanding or perversion of a judge's instructions. This may be a sufficient reason for more frequent use of special verdicts[2] or interrogatories, under Federal Rules of Civil Procedure, Rule 49, 28 U.S. C.A. following section 723c. It is not a sufficient reason for turning a general ver-

dict into a special one by probing a jury's mental processes after a trial is over. This, in effect, is what the majority of the court are proposing to do. The law is clear that jurors' post-trial statements regarding either their interpretation of the court's instructions, or the motives and beliefs which actuated their verdict, may not be introduced to change the words or the effect of the verdict.[3] "Let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party * * *. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation; to the destruction of all frankness and freedom of discussion and conference."[4] No verdict would be safe, for jurors would be tempted by all sorts of pressure to change their minds retroactively.

If it is hard on appellee to recover only half what the jury awarded against the two defendants, it would be quite as hard on appellant to pay twice what the jury awarded against him.

Even if there were substantial evidence that the jury had agreed upon a verdict other than the one that was returned in court, the rule of Capital Traction Co. v. Lyon, 57 App.D.C. 396, 402, 24 F.2d 262, would require us to treat the returned verdict as conclusive instead of directing the District Court to weigh conflicting evidence on the point. An inchoate verdict which the jury may or may not have agreed to render should not be substituted for an actual verdict which they unquestionably did render.

---

the trial. The practical question, therefore, is whether the old evidence was sufficient.

[2] Frank, J., dissenting in Keller v. Brooklyn Bus Corporation, 2 Cir., 128 F.2d 510.

[3] Hyde v. United States, 35 App.D.C. 451, 488; 8 Wigmore, Evidence, §§ 2349, 2356.

[4] McDonald v. Pless, 238 U.S. 264, 267, 268, 35 S.Ct. 783, 784, 59 L.Ed. 1300.