## HENDERSON v. ALLISON.
### No. 310.

Municipal Court of Appeals for the
District of Columbia.

Oct. 4, 1945.

R. Sidney Johnson and J. Richard Earle, both of Washington, D. C., for appellant.

Isadore Brill, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Mrs. Jimmie R. Henderson, appellant here, was defendant in a suit for possession of rooming house property, brought by Ethel K. Allison, appellee here, who claimed that defendant had breached a covenant against subletting. Trial was by jury and resulted in a verdict for plaintiff for possession.

Following are the facts important on this appeal: In October, 1941, plaintiff leased 1811 Biltmore Street, N. W. to defendant. The lease contained a clause prohibiting subletting or assignment and providing that violation thereof would give the landlord the right to terminate the lease.

On October 4, 1944, defendant sold the rooming house business, together with fixtures, chattels and equipment located in the leased premises (and also in two adjoining houses) to William S. Wellons and Charles R. Wellons. The transfer was evidenced by a conditional bill of sale under which they agreed to pay Mrs. Henderson $22,000, the initial payment to be $2,500 and the balance in monthly installments of $250. In addition, they were to pay $810 per month for rent on the three properties (including the one in suit), comprising the rooming house business known as the "Southern Club." Defendant claimed (and plaintiff denied) that plaintiff had approved the transaction in advance. Under a separate oral agreement between defendant and the Wellons brothers, they were to operate the business subject to her advice "on major changes." The evidence revealed that the application for license to operate the business appeared in the name of William S. Wellons; so did the Social Security Employer's number; so did the District of Columbia Unemployment Employer's number; compensation insurance was carried in both their names; also registered in their names were the gas and electric meters. Operating expenses were paid out of the money collected from the business by the brothers; such monies were deposited in a bank account on which they alone could draw. Any excess over operating expenses belonged to them, and they were to pay Mrs. Henderson only the agreed monthly payments.

Defendant admitted that because of the condition of her health she was leaving the city and was not able to operate the business, and for that reason had sold it to the Wellons brothers and put them in control. She denied that she had sublet the property to them or that she was their landlord; and insisted that they were there only to operate the business and to relieve her of the burden of management. She did not dispute the financial arrangements recited in the foregoing paragraph.

When rent came due for November and December, 1944 William S. Wellons, at the direction of defendant, sent checks directly to plaintiff. Observing that such checks were signed by him and not by Mrs. Henderson, plaintiff refused to accept them and brought suit against her for possession. From the judgment against her, defendant has appealed and assigned several errors. These we shall discuss separately.

■ 1. She contends that the court erred in refusing a motion for directed verdict at the close of plaintiff's case. As to this, we have previously ruled that when a defendant puts on evidence he waives the right to complain of the court's refusal to direct a verdict at the close of plaintiff's case. De Bobula v. Coppedge, D.C.Mun. App., 40 A.2d 255.

■ 2. Appellant charges there was error in refusing to direct a verdict at the close of all the evidence. As to this we refer to the evidence we have just outlined. We think that under a reasonable interpretation such evidence, including that adduced by plaintiff, that elicited on cross examination, and that offered by defendant in contradiction, explanation, and denial, made a clear case for jury consideration and provided ample support for the verdict which followed. Indeed it would have been error for the trial court to rule otherwise. Viner v. Friedman, D.C.Mun.App., 33 A.2d 631; Yellow Cab Co. v. Griffith, D.C.Mun. App., 40 A.2d 340.

3. Appellant next contends that the trial judge should have set aside the jury's verdict because of allegedly contradictory, inconsistent, and repugnant answers to special interrogatories. The case was submitted to the jury for answers to five special interrogatories. The first was whether a subtenancy or subletting resulted between defendant and the Wellons brothers under the transaction between them. To this the jury answered "Yes." The second question required that if the first were answered "Yes," they must determine whether plaintiff was estopped or precluded from asserting the subletting as a violation of the lease. The jury's answer was "No."

Question No. 3 provided that if the answer to No. 2 was that plaintiff was not estopped, the jury was to render a verdict for plaintiff for possession; and as to this the jury's verdict was in favor of plaintiff. The three answers just mentioned were announced in open court through the foreman and by the affirmance of all the jurors. After such answers had been given, defendant's attorney waived answers to the two remaining questions, Nos. 4 and 5. No. 4 presented to them the question as to whether there had been a transfer of possession by defendant to the Wellons brothers and No. 5 (following the pattern of No. 2), presented the question whether plaintiff was precluded from setting up such transfer as a ground of suit.

At the judge's request the foreman then handed up the written questions and answers. Noticing that the answer to Question 3 had not been filled in, the judge asked counsel for defendant if he saw any objection to permitting the foreman to write it in. The written questions and answers were shown to counsel who stated that he had no objection and the words "Jury finds for Plaintiff" were then written in. The foreman stated that the jury had not understood how to answer or dispose of Questions 4 and 5, and the judge replied that it was not necessary to answer these questions since they had already answered the first three questions and returned a verdict for plaintiff. It was then that it was noted that the jury had answered "No" to Question No. 4 which, as we have said, involved the question as to whether there had been a transfer of possession.

■ Appellant's counsel complains that the negative answer to that question was so inconsistent with and repugnant to the answers to the preceding questions as to vitiate the entire verdict. But we see no inconsistency in the verdict as announced and recorded. The jury found (1) that there had been a subletting, (2) that plaintiff was not precluded from charging it as a basis of suit, and (3) that plaintiff was entitled to possession. This provided a comprehensive disposition of the entire case. Having gone that far, it was unnecessary for them to consider the two remaining questions. The trial judge so announced and defense counsel acquiesced. But even if there were a seeming inconsistency in the answers, or some question as to what constituted the true verdict of the jury, it was to be decided by the trial judge in the proper exercise of his discretion. Pelzer Mfg. Co. v. Hamburg-Bremen Fire Ins. Co., C.C.S.C., 71 F. 826. The rule has been tersely and very recently stated in Freid v. McGrath, 77 U.S.App.D.C. 385, 135 F.2d 833, 834, where the Court said:

"Where the jury's error is patent on the face of the verdict, the court should so amend the verdict as to make it conform to correct legal principles."

See also Washington Market Co. v. Clagett, 19 App.D.C. 12; Dextone Co. v. Building Trades Council, 2 Cir., 60 F.2d 47.

■ As we see it, there was no "error" on the part of the jury unless it was in volunteering an answer to the 4th question, which required no answer in view of the verdict the jury had returned on the first three questions. Thus, the answer to No. 4 may be said to have amounted to mere surplusage. Finally, however, whatever merit there may be to appellant's contention, this assignment of error may be disposed of, and not unfairly, by mentioning the fact that the contention was never presented in the trial court, and therefore can not be advanced here as a ground for reversal. Such an objection, being made in this court for the first time, comes too late. Donovan v. Brown, 75 U.S.App.D.C. 93, 124 F.2d 295.

■■ 4. Appellant complains of a part of the charge to the jury, in which the judge discussed the relationship between Mrs. Henderson and the Wellons brothers as a possible partnership or joint venture. He was prompted to discuss the question because it had been mentioned in argument by counsel for Mrs. Henderson. It was not an incorrect statement of the law. It did not limit the jury to a consideration of partnership or joint venture as the only relationship between the parties. It outlined rather fully and carefully the legal effect of such a relationship and the extent to which the jury might consider it as bearing on the principal issues of subletting and transfer of possession. It did not prejudice any rights of defendant. Moreover, at the end of the charge, the trial judge, acting on a suggestion by defense counsel, gave the jury a clear summary of this point in connection with the main issues. We are satisfied that the over-all treatment of this subject was full and fair and legally correct. "The charge to the jury cannot be considered piecemeal; it must be viewed in its entirety." Coleman v. Chudnow, D. C.Mun.App., 35 A.2d 925, 926. See also Danzansky v. Zimbolist, 70 App.D.C. 234, 105 F.2d 457, and cases there cited.

■ 5. Appellant makes a general complaint that the charge was so complex and lacking in clarity, that the jury was unable to properly apply the correct law to the evidence. We think the complaint is not supported by the record. The charge was painstaking and complete. It ignored no issue, and over-emphasized none. It was built around the controlling issues we have discussed, and around the special interrogatories on which the case was submitted for decision. Our study of the transcript satisfies us that the instructions presented the case to the jury in a quite practical way, and were free of error.

6. Finally, it is urged that the trial judge committed error in refusing after verdict to enter judgment in defendant's favor in accordance with her motion for directed verdict, or in the alternative to grant a new trial. We have already discussed the judge's refusal to enter judgment in defendant's favor after verdict. The refusal to grant a new trial may be reviewed here only if there is an abuse of discretion (Palmer Const. Co. v. Patouillet, D.C.Mun App., 42 A.2d 273) and we find no such abuse in this case.

Affirmed.