Robert M. MYRTLE, Plaintiff-Appellant,

v.

CHECKER TAXI COMPANY, Inc., Milda Buick, Inc. and Dan Kuraitis, Defendants-Appellees.

No. 12894.

United States Court of Appeals Seventh Circuit.

June 23, 1960.

Donna Klingbiel Simpson, Henslee, Monek & Murray, Chicago, Ill., Walter N. Murray, Chicago, Ill., of counsel, for plaintiff-appellant.

Oswell G. Treadway, Joseph H. Hinshaw, Perry L. Fuller, Chicago, Ill., for Milda Buick Co., Inc. and Dan Kuraitis, defendants-appellees.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff-appellant, Robert M. Myrtle, appeals in this diversity action from a judgment which became final when the district court vacated its order allowing plaintiff's motion for a new trial and denied such motion. Plaintiff brought suit against Checker Taxi Company, Inc., Milda Buick, Inc. and Dan Kuraitis to recover substantial damages for personal injuries. Plaintiff was injured while riding in a Checker taxicab which was struck by an automobile operated by Kuraitis. Kuraitis allegedly was acting within the scope of his employment by Milda Buick.

The jury found Checker Taxi Company not guilty; impliedly found that an agency relationship existed between Kuraitis and Milda Buick; found the latter two parties guilty of negligence; and assessed damages. The court entered judgment for plaintiff against Kuraitis and Milda Buick on these verdicts. On the next day the court vacated the judgment and submitted a corrected form of verdict which the jury signed and returned in open court. Judgment was then entered for plaintiff against Kuraitis and Milda Buick on this amended verdict.

Plaintiff moved for a new trial alleging several errors, including the procedure followed by the trial court in correcting the first verdict and the admission into evidence of certain statements bearing on plaintiff's prior injuries. The court granted the motion for a new trial on the latter ground, asserting that it had allowed defendant's counsel "to go too far back" in cross-examination of plaintiff as to his prior injuries. Subsequently, upon further argument, the court vacated this latter order and denied plaintiff's motion for a new trial.

Plaintiff here argues that his constitutional right to trial by jury has been abrogated by the action of the court subsequent to the entry of the first judgment and that he was denied a fair trial because of misconduct of counsel, the admission of improper evidence and the submission of improper instructions by the court.

The following events provide the factual background for plaintiff's contention that the court erred in allowing the jury's first verdict to be changed. At the conclusion of the trial, the court instructed the jury and tendered various forms of verdicts. Earlier, the parties had entered into the following stipulation:

"By agreement of the parties by their counsel in open Court it is ordered that if the jury in this case arrive at a verdict during the absence of the Judge they shall sign and seal their verdict, deliver it to one of the marshals in charge of the jury and separate; that the jury need not reassemble; that the verdict may be read in the absence of the jury; that the polling of the jury is waived; and that the Court may reassemble the jury for the purpose of correcting any clerical errors in the verdict."

The jury returned a verdict before adjournment of court with counsel not present. The verdict as read by the clerk to the court found Checker Taxi Company not guilty, found Milda Buick, Inc. guilty and assessed plaintiff's damages against it in the sum of $1, and found Kuraitis guilty and assessed plaintiff's damages against him in the sum of $1,000.

The court made no statement at this time with reference to the inconsistent form of the verdicts, but said:

"The Court: I am very grateful to you for your conscientious service. I can see you were very intelligent in your approach to this case.

"Thank you very much. The Marshall [*sic*] will instruct you as to your services. I think they may go for the day, may they not?

"The Marshal: Yes, your Honor.

"The Court: Thank you very much. The Marshal gives you permission to go until tomorrow morning.

"The Marshall: * * * tomorrow morning, upstairs, 10:00 o'clock.

"The Court: Mr. Clerk, enter judgments on the verdicts."

**932**

On the morning following, the court asked counsel for comments on the verdicts. Plaintiff's counsel made no objection. Then, as this rather lengthy excerpt from the record indicates, the following colloquy took place:

"Mr. Fuller [counsel for defendants]: I believe that the two verdicts we have here, one as opposed to Dan Kurietis [sic], and they assess the damages at $1,000, and they sign a verdict finding Milda Buick guilty, which purports to be the finding and the intention of the jury in that respect, but assess the damages of $1.00.

"The Court: They were both found guilty, necessarily they had to be.

"Mr. Fuller: Yes.

"The Court: They both had to be found guilty. One couldn't be found guilty without the other, Kurietis and Milda, isn't that right?

\*   \*   \*   \*   \*   \*

"The Court: \* \* \* They evidently determined the issue of agency against your client Milda.

"Mr. Fuller: I assume that this is the intention as reflected by those verdicts, and since it is clear, I think your Honor can enter judgment accordingly and the amount should be a joint verdict for the $1,000.00.

"The Court: Joint judgment. That is my feeling.

"Now in determining whether an error in a verdict may be corrected, and we have had on occasions errors in verdicts in this courtroom, I find that the general rule is that 'the Court may amend the verdict and give judgment as the right appears without regard to any imperfection or want of form in the verdict. The test is whether the verdict clearly manifests the intention and finding of the jury upon the issues submitted to them. \* \* \*' [Citing Smyth Sales v. Petroleum Heat & Power Co., 3 Cir., 141 F.2d 41, 44 (1944) and referring to Woodworkers Tool Works v. Byrne, 9

Cir., 191 F.2d 667 (1951) and Grober v. Capital Transit Company, D.C.D.C., 119 F.Supp. 100 (1954)]

"Now I interrupt what I am saying here to remind you of the stipulation that counsel entered into in this case which was the subject of a written order, a draft order, signed by me, in which the parties stipulated that the Court could reassemble the jury for correcting a clerical error.

"I am of the opinion that in the case at bar the disparity in the verdicts is an error of form, a clerical error, rather than an error of substance, and that the intention of the jury is clear. The jury intended to find, in my opinion, the defendants Kureitis and Milda Buick Company guilty and to assess the plaintiff's total damages at $1,000. This appears from the fact that the jury attempted to insert the name of Milda Buick in the form finding Kurietis guilty and assessing the damages at $1,000. That appears from some interlineations on the verdict. That the jury inserted the sum of $1.00 in the form pertaining to Milda is attributable to the fact, in my opinion, that it had included the total amount of damages in the form pertaining to the defendant Kurietis.

"Clearly the jury feared that if it included the sum of $1,000 in the form pertaining to Milda, the verdict might be construed erroneously as a verdict for a total amount of $2,000.

"Accordingly, I propose to correct this clerical error as follows, and I will hear from all counsel on what I propose to do before I do anything:

"Let the record reflect that with reference to the defendants Dan Kurietis and Milda Buick, Inc., the verdict has been corrected to read:

" 'We the jury find the defendants Dan Kurietis and Milda Buick, Inc. guilty and assess the plaintiff's dam-

ages at the sum of $1,000.00 and no cents.'

"There is something in the alternative that I can do, I can reassemble the jury and the jury, I think, are here, are they, Mr. Marshal?

"The Marshal: They are all here, your Honor, across the way.

"The Court:—and ask them to sign another verdict which was done in the Woodworkers Tool Works case, The Woodworkers v. Byrne to which I alluded. * * *"

[Discussion as to the applicability of the stipulation]

"Mr. Fuller: As I understand, then, from what you and your Marshal have stated, the jury has been kept segregated and returned this morning in the same manner as they have been—

"The Court: Not segregated.

"Mr. Fuller: By that I mean—

"The Court: We have the jury here in the anteroom.

"The Marshal: In the room across the way, your Honor.

"The Court: And under the terms of this order, I have a right to reassemble the jury if it is necessary, but my own view is that I can do this, I can make this correction without reassembling the jury on that point. * * *"

[Plaintiff's counsel objected and stated that he did not wish to poll the jury.]

"The Court: Bring in that jury.

"Mr. Clerk, let an order be entered vacating my judgments entered yesterday on these verdicts, an order vacating and setting aside the judgments on the verdicts.

"(The following proceedings were had in open court in the presence and hearing of the jury:)

"The Court: Good morning, ladies and gentlemen. There has been a question raised as to your verdicts against the defendants Dan Kurietis and Milda Buick, Inc.

"Who is the foreman of the jury?

"Mr. Cooley: I am, your Honor.

"The Court: State your name.

"Mr. Cooley: Dan Cooley.

"The Court: May I ask you, please, was it the intention of the jury to find the defendants Dan Kurietis and Milda Buick, Inc., guilty?

"Mr. Cooley: Yes, your Honor.

"The Court: May I ask you what was the total amount which the jury intended to assess as the plaintiff's damages against these two defendants?

"I observe that you did start in one of these verdicts to—where is that one? I observe in the verdict where you found the defendant Dan Kurietis guilty and assessed the plaintiff's damages in the sum of $1,000, an interlineation which was later stricken out containing the words 'and Milda Buick, Inc.' I give you that information for what assistance in answering my question which was: What is the total amount which the jury intended to assess as the plaintiff's damages against these two defendants?

"Mr. Cooley: We planned or intended,—let's say we agreed to assess $1,000, approximately $1,000.

"The Court: You have answered my question.

"Now in order that your verdict may reflect the intention of the jury, I am going to ask you to retire and send with you this form of verdict:

"'We the jury find the defendants Dan Kurietis and Milda Buick, Inc. guilty and assess the plaintiff's damages at the sum of $1,000 and no cents,' and if that reflects the views, as I am sure it does, of the other jurors, you as foreman and the other jurors will please sign and return that verdict.

"Mr. Marshal, will you take the jurors to where they can sign this verdict privately, please?

"The Marshal: Yes, your Honor."

Plaintiff's counsel again objected. The jury signed the second verdict which was read, and judgment was entered thereon.

There has been much controversy here whether the jury had been discharged after returning its first verdict and the operativeness of the stipulation in circumstances where the jury returned a verdict in the presence of the judge. We do not find these matters controlling. The court's action in correcting judgments and other parts of the record which contain clerical errors is authorized by Rule 60(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the trial court did not so exercise its power as to deprive plaintiff of his constitutional right to a jury trial.

■ The legal framework within which this case must be decided is clear. It is a deprivation of the right to a jury trial for the court to alter the verdict in matters of substance, Smyth Sales v. Petroleum Heat & Power Co., 3 Cir., 1944, 141 F.2d 41, 44, or to order a jury to reassemble after discharge to consider further its verdict. Mattice v. Maryland Casualty Co., D.C.W.D.Wash.1925, 5 F.2d 233. However, the correction of a clerical error or a matter of form is not such a deprivation. Hovey v. McDonald, 1883, 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888; Woodworkers Tool Works v. Byrne, 9 Cir., 1951, 191 F.2d 667, 676. Since the labels "matters of form" and "of substance" are legal conclusions, the facts of a particular situation control.

■ Here, the court concluded that the verdicts did not evidence the intention of the jury, based upon the jury's attempted interlineation of "Milda Buick" in the Kuraitis verdict. The verdicts indicated that the jury intended to find both defendants guilty and the court properly concluded that it wished to assess total damage at $1,000, rather than to apportion the damages between the defendants. Under these circumstances, Rule 60(a) provides authority to correct the verdicts and judgment. The immediate reassembly of the jury, which was standing by close at hand, confirmed the court's view of the situation. In such circumstances there was no error in the court's action.

Here the court found that it was clear from the face of the verdicts that the jury's intention was not realized. We do not have to determine the question of the power of the judge to reassemble a jury, after discharge, to interrogate the members to find their intentions where a clerical error is not apparent from the face of the verdicts. Cf. Freid v. McGrath, 1943, 77 U.S.App.D.C. 385, 135 F.2d 833.

■ We have examined the record relating to the admission of evidence on cross-examination of plaintiff as to prior injuries and find that no error was committed. The trial court acted well within its allowable discretion in such matters. Cf. Mintz v. Premier Cab Ass'n, 1942, 75 U.S.App.D.C. 389, 127 F.2d 744.

We have examined plaintiff's contentions relating to the other asserted errors which he alleged deprived him of a fair trial and find them without merit.

The judgment appealed from is

Affirmed.