John Conrad WEISERT, Appellant,

v.

Grace WEISERT, Appellee.

No. 2650.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 31, 1960.

Decided Dec. 6, 1960.

Patrick J. Head, Washington, D. C., with whom John L. Ingoldsby, Jr., Washington, D. C., was on the brief, for appellant.

Stanley B. Frosh, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

CAYTON, Acting Judge.

In this suit for separate maintenance the decision was in favor of the wife. Bringing this appeal defendant husband claims that there was error (1) in not setting the case for pretrial hearing, (2) in not granting a continuance to enable him to present testimony, (3) in receiving testimony as to the reasons for separation and in adjudicating that the wife was justified in electing to live apart from the husband, and (4) in overruling defendant's motion for rehearing.

1. There had been no pretrial of this case as in normal procedure in the trial court. But when the case was called for trial and the court announced its willingness to hear it, counsel for defendant announced that he was ready to proceed with the trial. There was never any objection to proceeding without a pretrial hearing. Appellant cannot complain of a procedure in which he acquiesced.

2. Counsel for appellant says there was error in not granting a continuance. But he never sought a continuance. The case had been pending for several months and the husband knew for some time that he would be leaving the country on an overseas assignment. His counsel knew at least a week in advance the date of defendant's departure but did nothing about taking his deposition and, as we have said, made no motion for continuance; instead he voluntarily proceeded with the trial of the case. We cannot understand how he now can say that he should have had a continuance.

3. Appellant says there was error in receiving evidence as to the reasons for the separation and in adjudicating that the wife was justified in electing to live apart from her husband. The complaint charged that the separation of the parties was due to misconduct of the husband and his answer denied the charge. It was certainly not improper to take evidence on that issue. See Gill v. Gill, 79 U.S.App.D.C. 357, 147 F.2d 154. Moreover the evidence was received without objection and cannot now be complained of on appeal.

4. The final question is whether the trial court erred in denying a motion for rehearing. At the conclusion of trial the judge announced his findings verbally. This was on Wednesday, April 20, and the judge asked plaintiff's attorney to present an order by Friday of that week. Counsel for defendant claimed that at the close of the hearing he told the wife's attorney that he would be leaving the city the next day and the wife's attorney said he would attempt to prepare the findings that afternoon.

They were in fact submitted to the judge two days later on Friday, April 22, and signed that day. Defendant's attorney did not return to the city until April 28. It was then too late to file a motion for a new trial and he later filed a motion for reconsideration or rehearing under Rule 60(b). There was a hearing on that motion and soon thereafter the trial judge filed a memorandum reviewing the situation and reciting the facts as they have been stated earlier in this opinion. The trial court held that because defendant had not sought a continuance and because there had been no objection to hearing the case in his absence and no objection to the evidence, the defendant had waived his right to object to the order based on such evidence. Accordingly the trial court overruled the motion for reconsideration or rehearing. There is no reason to hold that such ruling was erroneous.

We have considered other errors discussed by appellant and have found them to be without substance.

Affirmed.