SARAH L. JOHNSON AND CLARENCE R. JOHNSON
*v.* TATSUMI TSUKAHARA.

No. 4694.

DECEMBER 24, 1968.

RICHARDSON, C.J., MARUMOTO, ABE, JJ., CIRCUIT JUDGE
FELIX IN PLACE OF LEVINSON, J., DISQUALIFIED, AND
CIRCUIT JUDGE FAIRBANKS ASSIGNED
BY REASON OF VACANCY.

OPINION OF THE COURT BY MARUMOTO, J.

The main question for decision on this appeal is whether a trial court may amend a verdict on a post-verdict affidavit of a juror, obtained after the jury has been dis-

charged, and enter a judgment on the verdict as so amended.

Appellants Clarence R. Johnson and Sarah L. Johnson are husband and wife. They were plaintiffs in a tort action filed in the circuit court against appellee Tatsumi Tsukahara, as defendant, for damages allegedly resulting from a rear-end automobile collision, in which the husband was driver of the front automobile, the wife was a passenger thereon and the injured party, and the defendant was operator of the rear automobile. In the action, the husband claimed damages for loss of wife's services and consortium, and the wife claimed general and special damages for her injuries.

The case was tried before a jury, which returned a verdict reading: "Find for Plaintiff SARAH JOHNSON in the amount of $500," on a form provided by the court. Upon the reading of this verdict, the court asked counsel for plaintiffs and counsel for defendant whether any party desired a poll of the jury. The answer to the question being in the negative, the verdict was ordered to be filed and the jury was discharged. This was on May 6, 1967.

Thereafter, plaintiffs filed a timely motion for a new trial. One of the grounds urged for a new trial was that the verdict was incomplete. This motion was denied, but, before entry of judgment, counsel for defendant filed an affidavit by Norma M. Titcomb stating that she was the forelady of the jury, and that the complete verdict of the jury was as follows: the wife to be awarded a recovery of $500, and the husband to be denied any recovery because of his contributory negligence. This affidavit was dated May 24, 1967, eighteen days after the verdict.

Judgment in the case was entered on May 26, 1967, two days after the affidavit. Although it stated that it was entered "Pursuant to the verdict of the jury made, found and returned in the above entitled matter on May 6, 1967,"

it obviously followed the juror's affidavit, for, in addition to adjudging a recovery of $500 to the wife, it denied any recovery to the husband.

Upon the filing of the judgment, the plaintiffs moved to have it set aside and to be granted a new trial, on the ground that the judgment was not according to the verdict of the jury, which found only for the wife and neither for nor against the husband. This motion was also denied.

We hold that the circuit court erred in refusing to set the judgment aside and denying a new trial to the plaintiffs.

The circuit court files in this case indicate that, in addition to the form of verdict it completed and returned, the jury was given three other verdict forms, providing respectively for a finding for the husband with the amount to be filled in by the jury, a finding for the defendant and against the wife, and a finding for the defendant and against the husband. If the jury had reached a verdict to deny any recovery to the husband, it should have returned a verdict stating that such was the case. No inference could be drawn from its silence that the jury found against the husband.

This is unlike *How On* v. *Ah Ho,* 16 Haw. 669 (1905), where this court held that a verdict awarding damages to a plaintiff in an ejectment action necessarily included a finding of title in the plaintiff. Here, a finding against the husband does not necessarily follow from a finding for the wife.

To the point is *Roadruck* v. *Schultz,* 333 Ill. App. 476, 77 N.E.2d 874 (1948), a case arising from a collision between a tractor-trailer and a passenger automobile, in which Roadruck was operator of the tractor-trailer, Fleet Maintenance, Inc., was owner of the tractor-trailer, and Schultz was operator of the passenger automobile. Both Roadruck and Schultz were killed in the accident, and so

the parties to the action, besides Fleet Maintenance, Inc., were the administrator of Roadruck's estate and the administrator of Schultz's estate. At the time the case was submitted to it, the jury was given eight forms of verdict. It signed and returned the form providing for a verdict against Schultz's estate, and awarded $5,000 damages to Roadruck's estate. It returned the other seven forms unsigned. One of the forms so returned provided for a verdict against Fleet Maintenance, Inc. The trial court, upon motion of Fleet Maintenance, Inc., filed after discharge of the jury, held that "the failure of the jury to return a verdict against Fleet Maintenance, Inc., * * * is tantamount to and is a verdict of not guilty," and entered a judgment in favor of Fleet Maintenance, Inc., and against Schultz's estate. In reversing this judgment, the appellate court stated:

"* * * In the instant case the trial judge treated the blank form of verdict that was returned by the jury, unsigned, and in the same condition that it was in when it was handed to the jury by the court, as a verdict of the jury, and, proceeding upon the theory that he had the right to correct a verdict of the jury, he evolved the so-called verdict of the jury upon which the judgment in favor of Fleet Maintenance, Inc., was based. The so-called 'verdict of the jury' was a creation of the trial court, of which the jury had no knowledge, and the contention that the judgment in question was based upon a verdict of the jury borders upon the absurd."

The fact that the judgment is supported by an affidavit of a juror makes no difference. Norma Titcomb was only one of the twelve jurors. She was not the jury. In *Astor Electric Service* v. *Cabrera*, 62 So. 2d 759 (Fla. 1952), another tort case arising from an automobile accident, the jury awarded $8,500 damages to the wife and denied recovery to the husband on the ground of contributory negli-

gence. The defendant sought a new trial on the ground that the verdict for the wife included medical expenses and hospital bills of the husband, which were denied him because of his contributory negligence, and offered an affidavit of a juror, obtained ten days after verdict and discharge of the jury, in support of the motion. The court held that the affidavit may not be used for the purpose, stating: "This was an affidavit of a single juror, the details of which were not subscribed to by any other juror."

The defendant here cites *Burlingame* v. *Central R. of Minn.*, 23 Fed. 706 (C.C.E.D.N.Y. 1885), and *McCabe Lumber Co.* v. *Beaufort County Lumber Co.*, 121 S.E. 755, 187 N.C. 417 (1924). These cases are not apposite. In the former, the court recalled the entire jury two days after the filing of the verdict, and permitted it to correct an error in the verdict in the presence of counsel for both parties. Similarly, in the latter, the entire jury was reassembled two hours after the return of the verdict and was permitted to correct an error resulting from mathematical miscalculation.

Inasmuch as this case will be remanded to the circuit court for a new trial, it is not incumbent upon this court to rule upon the other questions raised on this appeal, relating to adequacy of damages and propriety of the court's action in giving and denying instructions to the jury.

It will be for the jury at the new trial to determine the question of damages without regard to the action of the jury in the first trial.

With regard to instructions, plaintiffs generally urged one or the other of the following objections: that the instruction was not according to law or that the instruction objected to was already covered by other instructions. A general objection to a proposed instruction that it is not the law does not comply with H.R.C.P., Rule 51(e), which

requires a distinct statement of the matter objected to and the ground of objection. It is stated in *Palmer* v. *Hoffman,* 318 U.S. 109, 119 (1924):

" * * * In fairness to the trial court and to the parties, objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error. Where a party might have obtained the correct charge by specifically calling the attention of the trial court to the error and where part of the charge was correct, he may not through a general exception obtain a new trial."

The objection that a proposed instruction is already covered by other instructions raises the question of permissibility of repetitious instructions. Repetition of the same proposition in several instructions is generally a matter within the sound discretion of the trial court and is not reversible error. *Wood* v. *Hulsey,* 271 S.W.2d 218 (Mo. Ct. App. 1954). However, in *Shaw* v. *Congress Building, Inc.,* 113 So. 2d 245 (Fla. 1959), it was held reversible error for the trial court to give three instructions on contributory negligence and to refer to the same matter in five other instructions.

Reversed, and remanded for a new trial.

*Helen B. Ryan* (*Alexander Y. H. Kim* also on the briefs) for plaintiffs-appellants.

*Albert Gould* (*Cobb & Gould* of counsel) for defendant-appellee.