# WASHINGTON RAILWAY & ELECTRIC COMPANY *v.* DITTMAN.

---

PLEADING; VARIANCE; STREET RAILWAYS; WITNESSES; CROSS-EXAMINA-
TION; TRIAL.

1. In an action against a street railway company to recover for the death of a passenger who, it is claimed in the declaration, was thrown from one of the defendant's cars while it was being run at an unusual speed while rounding a curve of the defendant's track, it is not error to admit evidence for the plaintiff that the track was uneven on the curve, for the purpose of showing whether in view of that fact the car could not have been run around the curve slower than the usual rate of speed around an ordinary curve, even though there is no allegation in the declaration as to any negligence in the construction or maintenance of the track.

2. It is proper to permit upon cross-examination the bringing out of anything tending to contradict, modify, or explain the testimony given by a witness on his direct examination, or any logical inference resulting from it that may make for the party calling him. If a party wishes to examine a witness as to matters not coming within these limitations, he must do so by making him his own witness and calling him as such in the subsequent progress of the case.

3. Where the declaration in an action against a street railway company to recover for the death of a passenger charges that the decedent was thrown from one of the defendant's cars while it was being run around a curve in the defendant's track at an unusual rate of speed, and the motorman, in testifying for the defendant, states on direct examination that the car at the time was going at the rate of about $2\frac{1}{2}$ miles an hour, a question asked on cross-examination as to whether he was familiar with the construction of the curve, and whether the inner or outer rail was higher, is permissible as testing the recollection of the witness as to conditions existing at the time.

4. The mode of conducting a trial, and the order of introducing evidence, and the time when it is to be introduced, are matters properly belonging very largely to the practice of the court where the matters of fact are tried by a jury.

5. A judgment will not be reversed because the trial court permitted a question on cross-examination to be answered by a witness for the unsuccessful party, which was beyond the scope of the direct examination, in the absence of anything to show that there was an abuse of discretion by the trial court.

No. 2781.  Submitted October 7, 1915.  Decided November 1, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for the death of the plaintiff's intestate.                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment in the supreme court of the District upon a verdict for the plaintiff, Charles F. Dittman, administrator of the estate of Frederick W. Dittman, deceased, appellee here, in an action for damages growing out of the death of the plaintiff's intestate while a passenger on one of appellant's electric cars.

In his declaration plaintiff alleged that the plaintiff's intestate was thrown from the car while it was rounding a curve in front of the Union station in this city, because the car was being run at an unusual rate of speed while "upon said curve of said track." The evidence was conflicting as to the rate of speed of the car as it was rounding this curve. Among other witnesses for the defendant was the motorman who was operating the car at the time of the accident, and who, after testifying as did all the other witnesses that the accident happened on the curve, stated that his car was then running about $2\frac{1}{2}$ miles an hour. Upon cross-examination he was asked whether he was familiar with the construction of this curve and whether the inner or outer rail was the higher. To this question an objection was interposed on the ground that there was no allegation in the declaration as to any negligence in the construction or maintenance of the track. A colloquy between the court and counsel ensued, during which counsel for the plaintiff stated that they were not seeking to introduce this testimony for the purpose of showing a defective condition of the track as an independent act of negligence, but were seeking to show that one rail was higher than the other, that this condition was known to the company, and that the speed of the car should have been governed accordingly. The court ruled that "the plaintiff was entitled to have the evidence admitted for the purpose of showing whether, in view of this situation of the track, the car should not have run slower than the usual rate of speed around an ordinary curve." A further objection and exception thereupon was noted by the defendant upon the ground "that this line of cross-examination was not responsive to the direct examination of the witness." The witness then testified that the outer rail was the lower around this curve, and that this condition was known to him at the time. No suggestion of surprise or request for further time to meet this evidence was made by the defendant. During the argument of the case the defendant objected to certain remarks of plaintiff's counsel, whereupon the court said: "The court has ruled that you [plaintiff] are not entitled to show that there was any defective condition there,

but you have a right to argue the kind of a curve there was, and the kind of care which the defendant must exercise on that kind of a curve." The court's charge was in harmony with this ruling.

*Mr. George P. Hoover* for the appellant.

*Mr. J. C. Gittings, Mr. J. M. Chamberlin* and *Mr. R. E. Mattingly* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

We think that under the averments of the declaration the plaintiff was properly allowed not only to show that the accident occurred as alleged, but the conditions surrounding the curve. As observed by the learned trial justice, a different degree of care must be exercised in going around a very abrupt curve than in rounding a hardly perceptible one. So, too, if the track was very uneven on a curve, a different degree of care might be necessary than would be required in rounding a curve where conditions were different.

It is proper to permit upon cross-examination the bringing out of anything tending to contradict, modify, or explain the testimony given by a witness on his direct examination, or any logical inference resulting from it that may make for the party calling him. The general rule is that if a party wishes to examine a witness as to matters not coming within these limitations, he must do so by making him his own witness and calling him as such in the subsequent progress of the case. *Philadelphia & T. R. Co.* v. *Stimpson,* 14 Pet. 448, 10 L. ed. 535; 1 Greenl. Ev. Secs. 445–447. In the present case the witness had testified, under direct examination, that he was motorman of the car at the time of the accident, which happened on the curve in question, and while, according to his testimony, his car was running about 2½ miles an hour. In other words, the witness had stated under direct examination just where the accident occurred and the speed of his car at the time. The question

asked in cross-examination merely tested his recollection as to conditions existing at the time, without in any way attempting to obtain from the witness a characterization of such conditions. We do not think it reasonably can be said that this testimony was not properly admitted.

But even if it should be assumed that the cross-examination of the above witness was not responsive to his direct examination, the result would be the same, since it could not be said that there was any abuse of discretion by the trial court. In *Wills* v. *Russell,* 100 U. S. 621, 626, 25 L. ed. 607, 608, it was held that "the mode of conducting trials, and the order of introducing evidence, and the time when it is to be introduced, are matters properly belonging very largely to the practice of the court where the matters of fact are tried by a jury." The court further observed that while it had been ruled that a judgment will not be reversed merely because the rule limiting the cross-examination to matters opened by the examination in chief was applied and enforced, "those cases do not decide the converse of the proposition, nor is attention called to any case where it is held that the judgment will be reversed because the court trying the issue of fact relaxed the rule and allowed the cross-examination to extend to other matters pertinent to the issue." See also *Cate* v. *Fife,* 80 Vt. 404, 68 Atl. 1.

The judgment must be affirmed, with costs.    *Affirmed.*