## MINTZ v. PREMIER CAB ASS'N, Inc.
### No. 7939.

United States Court of Appeals for the District of Columbia.

Argued March 9, 1942.

Decided April 29, 1942.

Mr. Irvin Goldstein, of Washington, D. C., for appellant.

Mr. R. Logan Hollowell, with whom Messrs. W. D. Hollowell and James Conlon, were on the brief, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellant sued appellee for personal injuries in a collision between two of appellee's cabs, in one of which appellant was a passenger. She appeals from an adverse judgment based on a jury's verdict.

Since defendant's counsel conceded "liability" the sole issue was appellant's injury, if any. The collision occurred in July, 1938. On cross-examination appellee's counsel asked appellant whether or not she had been in a similar accident in a Diamond cab, and made claim for injuries, about two years before; also whether or not she had fallen in a beauty parlor, and made claim for injuries, about April, 1937. Appellant admitted making those claims. Her appeal attacks the court's action (1) in admitting this evidence; (2) in refusing to rule that it was relevent only to the question whether her injuries were caused by those accidents; and (3) in permitting appellee's counsel to argue that it showed plaintiff to be "claim minded."

A jury may discount or disregard testimony which runs counter to normal experience. To show that it runs counter to normal experience tends to contradict it. In general, "it is proper to permit upon cross-examination the bringing out of anything tending to contradict, modify, or explain the testimony given by a witness on his direct examination * * *."[1] Fortuitous events of a given sort are less likely to happen repeatedly than once. The fact that a witness has told several stories involving similar fortuitous events tends, therefore, to create a conflict between his testimony and normal experience. So it has been held that one who furnishes an alibi for a criminal defendant may be asked

[1] Washington Ry. & Electric Co. v. Dittman, 44 App.D.C. 89, 92.

whether he has furnished other alibis for the same defendant;[2] one who accuses a man of robbing him while he was drunk may be asked whether he has made the same charge against other men;[3] the prosecuting witness in a rape case may be asked whether she has made similar charges against other men;[4] and a purchaser who rejects a seller's goods as inferior may be asked whether, at about the same time, he cancelled orders with other sellers.[5] This type of evidence, like many other types, may create prejudice but is believed to be worth more than it costs.

This case is within the principle. Negligent injury is not unusual, but it is unusual for one person, not engaged in hazardous activities, to suffer it repeatedly within a short period and at the hands of different persons. The court's rulings were therefore right. That all three of appellant's stories may have been true affects the weight of the evidence, not its admissibility. It was for the jury to decide from all the evidence, and from its observation of appellant on the stand, whether she was merely unlucky or was "claim-minded."

Affirmed.

---

[2] State v. Roberts, 18 N.M. 480, 138 P. 208; State v. Foster, 153 La. 154, 95 So. 536; State v. Lynch, 176 Wash. 349, 29 P.2d 393.

[3] State v. Lewis, 133 N.C. 653, 45 S.E. 521.

[4] State v. Poston, 199 Iowa 1073, 203 N.W. 257; Dawes v. State, 34 Okl.Cr. 225, 246 P. 482.

[5] Hart v. Atlas Knitting Co., 2 Cir., 77 F. 399.

On this whole subject, the cases are in conflict. Cf. Wigmore, Evidence, 3d Ed., § 963.