**DICKSON v. UNITED STATES.**
**STEWART v. UNITED STATES.**

Nos. 4032, 4033.

United States Court of Appeals
Tenth Circuit.

April 29, 1950.

Thomas J. Morrissey, Denver, Colo. (F. E. Dickerson, Anthony F. Zarlengo, and William F. Dwyer, Denver, Colo., were with him on the brief), for appellants.

Joseph N. Lilly, Assistant United States Attorney, Denver, Colo. (Max M. Bulkeley, United States Attorney, Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

Appellants, Hobart Dickson, and William Herbert Stewart, were charged by indictment with violating 18 U.S.C. 76, now 18 U.S.C.A. § 912. Dickson was charged with falsely pretending to be an officer and employee of the United States in violation of the above Section, and Stewart was charged with aiding and abetting him in such violation.

The indictment charged that intending to defraud the United States of America, Edwin F. Welz and Marie Welz, appellant, Hobart Dickson, alias Jack Weaver, alias Richard Michael O'Malley, did falsely assume and pretend to be an officer and employee acting under the authority of the United States, to wit: A Federal officer interested in income tax, and did then and there take upon himself to act as such Federal officer. Stewart was charged in the indictment with aiding and abetting in the commission of said offense.

The jury found both appellants guilty as charged. Judgment was entered upon the verdict. Motions for a new trial and in arrest of judgment were overruled and this appeal followed. Nine assignments of error with various subdivisions are urged for reversal.

█ Two elements must exist to constitute an offense under the Statute. There must be the false representation of being an officer with intent to defraud, and some overt act in keeping with the false pretense.[1] It is clear from the record, and, in fact, seems to be conceded that there was no intent to defraud the United States or Mrs. Welz. The false representation, if made, and the overt act in furtherance thereof was directed against Welz.

Edwin F. Welz and Mrs. Edwin F. Welz are husband and wife. She testified that on the day of the occurrence she and her husband were eating lunch when a car, occupied by two persons, who admittedly were the appellants, drove up to their place; that they heard a knock on the door and Welz left the table and went to the door; that she heard a conversation between him and other parties; that she went to the door and saw a man talking to Welz; that this man, the appellant, Hobart Dickson, gave his name as Jack Weaver; that when she stated that that did not mean anything to her he put his hand in his coat pocket and pulled out a badge, and said, "Does this mean anything to you, I am a Federal officer"; that Welz wanted to say something to her but that Dickson did not permit him to speak, but told Welz to get his hat and coat, whereupon, she inquired where they were going, to which Dickson replied that he was going to take Mr. Welz down town concerning an income tax deficiency. "Of course, he knows more about it." She further testified that when she wanted to go along Dickson would not permit her to do so, saying, "We don't want you."

Welz, although called as a witness, did not, on direct examination, testify to any of the circumstances or happenings prior to the time he got into the car with the two appellants. He was not asked and did not testify to the conversation he had with appellants prior to the time Mrs. Welz came to the door, nor did he testify that he heard the statements made by Dickson to Mrs. Welz as testified to by her. He was merely asked and testified that on the day of the occurrence he rode in an automobile with appellants from his place in the mountains to the American National Bank in Denver; that Dickson got out with him and went into the bank; that he drew out $2500.00 and gave it to Dickson for the purpose of furnishing a cash bond.

The testimony of Mr. and Mrs. Welz, as outlined above, was the only testimony offered by the Government to sustain the charge that appellant, Dickson, represented himself to Welz as being a Federal officer with the intent to defraud.

If, in the conversation with Welz at his door, Dickson represented himself to be a Federal officer and stated that Welz was wanted for income tax irregularities, he was guilty of the offense charged. The explanation Dickson gave to Mrs. Welz in

1. Baas v. United States, 5 Cir., 25 F.2d 294; Ekberg v. United States, 1 Cir., 167 F.2d 380; United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155.

the presence of Welz, as testified to by her, if believed by the jury, would support a conclusion that Dickson represented to Welz that he was a Federal officer and that he was there to check his Federal income tax matters.

■ Appellants concede that they were neither Federal nor State officers, and that their purpose was to defraud Welz. They, however, contend that they were guilty of a State offense and not a Federal offense. Dickson testified that he represented to Welz that he was a State officer and that Welz was wanted in connection with a State offense. Appellants' contention that the undisputed evidence established that a State offense was committed and that no Federal offense was involved is not well taken. The testimony of Mrs. Welz and that of Dickson raised a jury issue and the court correctly overruled the motions for judgment of acquittal and in arrest of judgment. What has been said also disposes of the contentions that the verdict is unsupported by substantial evidence or is contrary to the weight of the evidence.

■ Appellants predicate · error on the court's refusal to give a requested instruction. They requested the court to instruct, in substance, that if the jury found that appellants represented themselves to be city detectives or police officers and did not represent themselves to be employees or officers of the United States, then the jury should find them not guilty. The court so instructed the jury, although not in the precise words requested by appellants. In its instructions, the court stated that the material allegations of the indictment were that Dickson falsely assumed and pretended to be an officer and employee acting under the authority of the United States, to wit: A Federal officer interested in income tax; and that he did then and there act and pretend to be such Federal officer. The court specifically told the jury that, "The gist of the offense charged in the indictment is falsely pretending to be a Federal officer with the intent to defraud." The court further instructed the jury that the defendants were presumed to be innocent and that the duty rested upon the Government to prove every element of the offense.

This was a correct statement of the law applicable to the case. The instructions were clear and concise and could not have misled the jury. The court was not required to give the instruction in the precise language requested by appellants.

The contention that the court unduly restricted appellants' cross examination of Welz presents a more serious question. Appellants' attorney sought to cross examine Welz with respect to the conversation they had with him at his door before Mrs. Welz came there, as well as to the conversation they had with him on the way to Denver. Objection to this cross examination was sustained on the theory that the Government had not asked Welz about these conversations.

As pointed out, the only offense sought to be established was one against Welz. To establish the offense, it was necessary to prove that the false representations were made to him with intent to defraud. The Government sought to prove these representations by the testimony of Mrs. Welz as to what Dickson told her in the presence of her husband, and by his testimony that he entered the car, went to Denver, and turned over $2500.00 to appellant. But, if in the conversation at the door, prior to the time Mrs. Welz came there, Dickson had in fact told him that he was a State officer and that he was wanted for a State offense, no Federal offense was committed by what Dickson told Mrs. Welz, especially if his testimony that such statements were made to allay her suspicions as to the real matter in issue was true.

■ It is, of course, universally recognized that the trial court is invested with a broad discretion in the matter of permissible cross examination of a witness, but as stated by the Supreme Court in District of Columbia v. Clawans, 300 U.S. 617, 15 S.Ct. 660, 81 L.Ed. 843, the court may not limit cross examination so as to prevent bringing out matter material to the issue, and as stated by the Supreme Court in Alford v. United States, 282 U.S. 687, 692, 51 S.Ct. 218, 219, 75 L.Ed. 624, "Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his

credibility to a test, without which the jury cannot fairly appraise them." [2]

In a sense, Welz was a prosecuting witness. To constitute the offense, it was necessary to prove the false representations with intent to defraud. The intent to defraud would be established by proof that a step was taken in the furtherance thereof. The false representation and inducing him to enter the car with Dickson for the purpose of obtaining his money, constituted the gist of the transaction. When the Government put him on the stand, he was asked only about one element of the transaction, but the implication is that he entered the car, relying upon the false representations that were made when Dickson first talked to him. By asking him about one element of the transaction, the Government opened the door, and could not, thereafter, prevent exploration of the full subject by not asking him concerning the representations that were made to him in that conversation. We think the court erred in refusing to permit cross examination of Welz concerning the conversation between him and Dickson at the door before Mrs. Welz came to the door.

From what has been said, it follows that if these false representations were made to him in that conversation and as a result thereof he was induced to enter the car, the offense was complete, and what transpired thereafter was immaterial to the cause. The court was, therefore, correct in refusing to permit cross examination with respect to any purported conversation with Dickson after they left the lodge and started on the way to Denver.

The judgments are accordingly Reversed and the causes Remanded with directions to grant a new trial.

BRATTON, Circuit Judge (dissenting).

Fair and full cross examination of a government witness on the subjects of his examination in chief is an absolute right of an accused. And denial of the right constitutes reversible error. Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624. But an accused does not have the absolute right to extend his cross examination beyond the range of the direct examination. And whether he is permitted to do so rests in the sound judicial discretion of the trial court. Glasser v. United States, 315 U.S. 60, 83, 62 S.Ct. 457, 86 L.Ed. 680.

Appellants sought in the course of cross examination of the government witness Welz to inquire about matters not touched upon directly or indirectly in the direct examination. And the record indicates persuasively that the effort thus to extend the cross examination was for the purpose of getting before the jury evidence relating to a charge or threatened charge against the witness of a violation of state law wholly unrelated to the offense laid in the indictment in this case. Appellants did not have the absolute right to extend their cross examination beyond the range of the direct examination for the purpose of diverting the attention of the jury from the charge laid in the indictment to a charge or threat of a charge against the witness. And the court was well within the exercise of its sound judicial discretion in declining to permit that to be done.

I would affirm the judgments.

2. Banning v. United States, 6 Cir., 130 F.2d 330, 338; Mintz v. Premier Cab Association, 75 U.S.App.D.C. 389, 127 F.2d 744; Resurrection Gold Mining Co. v. Fortune Gold Mining Co., 10 Cir., 129 F. 668, 676.