Decozie EVANS, Appellant,

v.

The GREYHOUND CORPORATION, a corporation, Appellee.

No. 3423.

District of Columbia Court of Appeals.

Submitted March 2, 1964.

Decided April 30, 1964.

Milton Heller, Washington, D. C., for appellant.

Laidler B. Mackall and Robert M. Goolrick, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON, (Chief Judge, Retired).

MYERS, Associate Judge:

Appellant sued for personal injuries resulting from a fall allegedly caused by an unusual jolt or sudden stop while she was a passenger on a bus traveling through North Carolina. From a jury verdict in favor of appellee, this appeal ensued.

Appellant claims that the trial court erred (1) in allowing appellee's claim manager to testify that if the driver had been called as a witness he would have stated that he had no recollection of any occurrence which resulted in appellant's alleged injury; (2) in charging the jury on prior accident claims by appellant; and (3) in giving an instruction on contributory negligence.

Appellee's claim agent on direct examination testified, without objection, that all drivers were required to fill out an "Unusual Occurrence Report" and any incident similar to the one allegedly involving appellant would have been set forth in such a report, of which he would have had knowledge. Over objection by appellant, the same witness stated that he had learned in an interview with the bus driver that the latter had no knowledge of any occurrence resulting in appellant's alleged injury.

**196**

■ We are of the opinion that the claim agent's conversation with the bus driver was hearsay testimony and should have been excluded. Appellant was not afforded an opportunity to cross-examine the driver for accuracy, memory or veracity. This is the very danger that the rule excluding hearsay evidence is designed to prevent. However, we do not find the admission of such testimony to be prejudicial or reversible error under the circumstances of this case, but merely cumulative or corroborative of the claim agent's own statement [1] that he had not received any "Unusual Occurrence Report" from any employee concerning the incident in question.

■ Cross-examination of appellant brought out the fact that she had a history of two previous claims for which she had received payments in settlement. Under the authority of Mintz v. Premier Cab Ass'n, Inc., 75 U.S.App.D.C. 389, 127 F.2d 744,[2] an instruction was properly given directing the jury to take into consideration that it is unusual for a person not engaged in hazardous activities to suffer negligent injuries repeatedly within a short period and at the hands of different persons. It was the function of the jury to decide from all the evidence and from its observation of appellant on the stand whether she was merely unfortunate or was "claim-minded." The appellant's answers respecting two prior injury claims were properly admitted.

■■ At the conclusion of the evidence, the trial judge gave an instruction on contributory negligence which appellant claims to be error on the ground that the bus company failed to offer any evidence on that point. We do not agree. The issue of con-

tributory negligence was raised by a "Third Defense" to the effect that any damages sustained by appellant "were caused in whole or in part, or were contributed to, by the negligence of plaintiff." Reliance may be placed upon the direct testimony and cross-examination of appellant's witness to substantiate the claim that she was contributorily negligent.[3] The issues of negligence on the part of the bus company in its operation of the bus and of the contributory negligence of the appellant were questions of fact to be passed upon by the jury. We hold that the instruction on contributory negligence was properly submitted to the jury.

Affirmed.

---

1. United States v. Crescent Amusement Co., 323 U.S. 173, 184, 65 S.Ct. 254, 89 L.Ed. 160; Equitable Surety Co. v. National Capital Bank of Washington, D. C., 51 App.D.C. 289, 292, 278 F. 1002, 1005; Leven v. Government Employees' Exchange, Inc., D.C.App., 193 A.2d 854.

2. See also Myrtle v. Checker Taxi Company, (7th Cir.), 279 F.2d 930, 934; Wat-

wood v. Credit Bureau, D.C.Mun.App., 97 A.2d 460, 462.

3. Safeway Stores, Inc. v. Feeney, D.C. Mun.App., 163 A.2d 624, 625; Turner v. National Hospitalization, D.C.Mun.App., 52 A.2d 274, 276; Ward v. S. Kann & Sons Co., D.C.Mun.App., 47 A.2d 785, 786.