JULIA, PABLO ET AL., surnamed CORTIJO WALKER, Plaintiffs, *v.* PUERTO RICO WATER RESOURCES AUTHORITY, Defendant and Third-Party Plaintiff and Appellant, ANASTACIO RODRÍGUEZ CUBANO, Third-Party Defendant and Appellee.

No. R-64-11.     Decided December 18, 1964.

*José Antonio Arabía, Carlos Díaz Lamoutte,* and *Carlos Santos Correa* for appellant. *Vicente Pérez Díaz* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On May 13, 1960, workman Julio Eduardo Cortijo Walker was electrocuted in the course of his employment. The State Insurance Fund considered the case as a labor accident covered by the Workmen's Accident Compensation Act, and on January 17, 1961 it entered a decision awarding compensation in the amount of $5,184 to minor Víctor Lanzó, brother of the deceased laborer. It ruled that the said minor was the only person entitled to receive the benefits of the Act by reason of dependence. The Fund held that the workman's death occurred in the course of the normal and regular duties of his employment when he was electrocuted by an uninsulated galvanized wire which he was carrying in his hands and made contact with high-voltage electric current.

On August 29, 1961, plaintiffs Julia, Pablo, Edwin, Victoria, Isolina, José Amalio, Ángel and Víctor Vicente, all surnamed Cortijo Walker, filed a claim for damages for this death against the Water Resources Authority. They alleged that the workman died without leaving any ascendants or descendants and was survived by plaintiffs, some of whom "depended for their subsistence" on what the laborer provided to them; that his death was due to the sole and exclusive negligence of defendant Water Resources Authority by its failure to adopt due precautions and to foresee, as it should have, that uninsulated high-tension wires endanger the lives of third persons; and that as a result of the accident plaintiffs have suffered damages and mental and moral anguish.[1] The Authority answered and admitted the occurrence of the accident and denied the other facts. It alleged as a defense that the accident was due to the exclusive negligence of the workman, or of the workman and third persons, and if no negligence was committed, that this was a fortuitous and unfortunate accident.

Approximately two years later, on August 26, 1963, defendant filed a third-party claim against employer Anastacio Rodríguez Cubano alleging that he was negligent and holding him responsible for the accident. It alleged that the employer permitted the construction of works near defendant's power lines without taking due precautions so that no one would come in contact with them, knowing or being bound to know, the hazard involved, and without notifying the Authority of the construction of such works near the power lines in order that it could take action in such a situation; and that he acted in violation of an independent, express or implied duty imposed by law toward the Authority. It prayed for judgment against the third-party defendant to indemnify

[1] The minor, adjudged sole beneficiary under the Workmen's Accident Compensation Act, did not sue.

plaintiffs, or to pay to the Authority any amount which the latter would be bound to pay to the former.

The employer and third-party defendant filed a motion to dismiss and a motion for summary judgment alleging nonliability in law. He attached to his motion for summary judgment a sworn statement to the effect that he was an employer insured with the Fund under a policy which covered the workman, and that in addition to the amount of $5,184 awarded by the Fund an additional amount of $5,000, the product of a group policy which the employer carried for his employees, was paid to the beneficiaries. He included a certified copy of the decision of the Fund ruling that this was a labor accident covered by the Act. The defendant objected to the motion for summary judgment, but did not enclose any statement or evidence. The court rendered summary judgment dismissing the third-party claim against the employer. That summary judgment is here on review.

The Workmen's Accident Compensation Act of 1935 (Sess. Laws, p. 250) provides in its § 20 that when an employer insures his workmen or employees in accordance with that Act, the right to compensation therein established *"shall be the only remedy against the employer,"* and in those cases not covered by the Act the liability of the employer shall continue to be the same as if that Act did not exist. Section 16 of the Act is to the same effect as to the employer's liability when the accident is not covered by that special statute, and refers such liability to the Civil Code, § 1802.[2]

Section 31 provides that in cases in which the injury, disease or death entitling the workman, employee, or his beneficiaries to compensation under the provisions of the Act has been caused under circumstances making a third party liable for such injury, disease or death, the workman

---

[2] See the Act of March 1, 1902, on employer's liability for negligence in labor accident cases.

or employee or his beneficiaries may claim and recover damages from the third party liable for such injury, disease or death. This same section subrogates the State Insurance Fund in the rights of such workman or employee or of his beneficiaries in those cases, and it may bring action in behalf of the workman or employee or his beneficiaries against the third party. If the Fund does not subrogate itself and fails to bring action against the third party, the workman or employee or his beneficiaries shall nonetheless be at liberty to bring such action of damages.

Under the system of our Workmen's Accident Compensation Act, it has been held in this jurisdiction that the injured workman or employee or his beneficiaries may not demand compensation from the employer under the common-law liability rules, in our case, the Civil Code. The compensation provided by the statute is the only remedy against his employer available to the workman or his beneficiaries, provided the case comes within the ambit of the Act. *De Jesús* v. *Osorio*, 65 P.R.R. 601, 603 (1946); *Onna* v. *The Texas Co.*, 64 P.R.R. 497, 500 (1945); *Rivera* v. *Industrial Commission*, 67 P.R.R. 526, 528 (1947); *Fonseca* v. *Prann*, 282 F.2d 153, 157, *cert. denied*, 365 U.S. 860. When the compensation statute does not cover the case, see *Arroyo* v. *Plaza Provision Co.*, 68 P.R.R. 889, 892 (1948).

In view of the historical experience of the workmen's difficult uphill strife to obtain compensation in labor accidents, when he was bound to establish convincingly acts of negligence of his employer or of another fellow workman and the employer could in turn allege as a defense his own negligence or carelessness, a historical situation which has so often forsaken the workman or his family, the lawmaker elected in this case an integrated system on the basis of a social, objective liability in this sphere of labor-management relationship. It could have been at the expense of subjecting the workman or his family as respects the employer to reason-

able recovery of statutory compensation solely on the basis of a criterion of dependence, as compared with a greater compensation and a greater relationship under the general civil-law rules, and of depriving him of the latter. The law-maker made his selection from among factors of convenience, and applied an integrated social system of objective liability. The immunity afforded to the employer against other acts or remedies—§ 20—in the cases covered by the statute should have been essential to the objective liability system adopted as a means of encouraging every employer to take out insurance, without which the system could not be effective.

This legislative criterion of granting to the employer immunity from remedies other than the compensation became even more evident in 1935 when the present statute was enacted. The 1928 legislation—Act No. 85—which was substituted by the present legislation, contained a similar provision—§ 33—declaring the statutory compensation the only remedy against an employer who insured his workmen. Notwithstanding that provision, Act No. 85 granted in § 44 an action of damages in favor of the workman or his heirs against an employer when the injuries were caused by an illegal act or criminal *negligence* of his employer, in which case the workman or his heirs could waive the statutory benefits. Similarly, § 45 authorized the Industrial Commission to subrogate itself in the right of the workman or his heirs and to recover damages from *an employer* responsible for the injury caused by his illegal act or criminal *negligence*. Those provisions of the former statute were superseded since 1935 when the present Act was adopted, which shows a specific and definitive criterion of the lawmaker not to grant general action of damages of any kind against the employer, regardless of his actions in the Aquilian sphere and the degree of fault or negligence, with the exception of those situations provided in § 15—uninsured employer—in which,

notwithstanding the benefits of the Act granted to the workman or his family, they may sue the employer in tort as an additional sanction for failure to take out insurance. This is the only case.

With the foregoing as background, let us examine the petition. A claim for damages against the employer by the beneficiaries or family of the deceased laborer is not under our consideration in this litigation. In a situation such as this, this Court has already pronounced itself. This notwithstanding, what the petition actually involves in the last instance is that same employer's tort liability to which we have referred.

The beneficiaries of the workman have sued appellant Authority alleging that its negligence caused the death. Appellant holds the employer liable as third-party defendant on the ground of his alleged negligence, alleging that he should indemnify plaintiffs. In the alternative, which would amount to the same thing, to pay to appellant the whole or part of any amount which the latter may be bound to pay to plaintiffs. The insured employer is placed in the position of having to contest and defend himself against a claim for damages for the death of one of his employees in the course of employment, based on his negligence.

■.■ A third-party claim against the employer under the circumstances of the record—insured employer and the accident covered by the compensation statute—is not available in law under statutory provisions such as § 20, nor on the theory of "contribution" in which a joint tortfeasor would be liable to another tortfeasor, nor on the theory of the right of a defendant in tort to be "indemnified" by a third-party defendant in connection with the facts.[3] The

---

[3] Although the English common-law rule prevailing in the States and in the federal jurisdiction has been not to recognize—in the absence of legislation—the right of a tortfeasor to require another tortfeasor to contribute to the payment of the indemnity, see *Halcyon Lines* v. *Haenn*

great majority of courts has upheld the impropriety of such a third-party claim against the employer where there is an exclusive-remedy clause such as that of our statute. In referring to the matter, Professor Larson sums up the ground of such impropriety according to the judicial rule: The employer is not liable to the workman in tort; therefore, he cannot be a joint tortfeasor with the third person and third-party plaintiff. The liability that rests upon the employer is an absolute liability irrespective of negligence, and this is the only kind of liability that can devolve upon him whether he is negligent or not. The workman's claim or remedy against his employer is solely for the statutory benefits; his claim against the third party is for damages. Both causes of action are in law different in kind and they cannot result in a *common* legal liability.[4]

Apart from the refined concept, there is a more simple common-sense ground which is also taken into account. To permit the third-party claim would amount to doing indirectly what the lawmaker has forbidden to be done directly. It would amount to considering the employer's negligence by the rear door of a third-party claim and holding him liable in tort for such negligence.

Appellant contends that its third-party claim against the employer is based "on a jurisprudential exception" to the employer's immunity. It argues that its third-party claim

---

*Ship Corp.*, 342 U.S. 282, 285; and although this Court has declared and established the solidary liability of each tortfeasor toward the injured party, *Prado* v. *Quiñones*, 78 P.R.R. 309 (1955); *Rivera* v. *Great American Indemnity Co.*, 70 P.R.R. 787 (1950); *Cruz* v. *Frau*, 31 P.R.R. 87 (1922); *Cubano* v. *Jiménez*, 32 P.R.R. 155 (1923); in *García* v. *Government of the Capital*, 72 P.R.R. 133 (1951), we adopted in this jurisdiction the rule of "contribution." In ordinary cases this rule cannot govern in situations such as those in the case at bar because of § 20.

[4] 2 Larson, The Law of Workmen's Compensation 230 *et seq.* (1961), up-to-date Supp. 1963. See *American Mut. Liability Ins. Co.* v. *Mathews*, 182 F.2d 322 (2d Cir. 1950); *Slattery* v. *Marra Bros.*, 182 F.2d 134 (2d Cir. 1950), *cert. denied*, 341 U.S. 915.

is not based on the right to claim "contribution" from a party which has been a joint tortfeasor, but that its right to claim from a third party is based "on the right to be 'indemnified' for the breach of a separate and independent duty of the employer toward a third party expressly and impliedly created by law." And it explains that its right to claim from the employer "is not exactly for damages but for the right to be reimbursed or 'indemnified,' not by reason of the injuries to the insured workman but as a result of the breach of an obligation or separate and independent duty of the employer toward the third party."

■ After a study of the case law cited by appellant, we are not convinced that there is a well-settled "jurisprudential exception" to the employer's immunity. We repeat, as stated at the outset, that the prevailing doctrinal rule is that such statutory immunity cannot be defeated through the indirect means of the third-party claim. Apart from the fact that the technical distinction between the concepts of "contribution" and "indemnity" at times, and for all practical purposes, may seem to be cutting it a bit fine, the case of *American District Telegraph Co.* v. *Kittleson*, 179 F.2d 946 (8th Cir. 1950), which would lend some support to appellant's position, was decided on the basis of a rule which does not govern in our civil system and which seemingly has not been well settled either, on the basis of the presumption of *implied* liability of law in which a joint tortfeasor responds to another tortfeasor if the negligence of the former was the principal or primary negligence and that of the latter the secondary. Other cases invoked are either admiralty cases governed by the particular norms of that sphere of law, or the alleged right of "indemnity" is based on a *contractual relationship*, or is governed by statutes providing for the reciprocal liability relationship between two mutual wrongdoers. Larson, cited by appellant, makes a comprehensive exposition of the matter in *op. cit. supra* at p. 231

*et seq.* However, Professor Larson is of the opinion that there is much fiction and artificialness in those distinctions, and advises, which is the proper thing, that this problem is for the lawmaker and not for the courts to speculate. See cases cited above and *Royal Indem. Co.* v. *Southern Cal. Petroleum Corp.*, 353 P.2d 358 (N.M.), in which it was clearly said that the exclusive remedy against the employer afforded by the compensation statute defeats the common-law right of "indemnity," *William Bros. Lumber Co.* v. *Meisel*, 68 S.E.2d 384 (Ga.); *Farren* v. *New Jersey Turnpike Authority*, 106 A.2d 752 (N.J.); *Hunsucker* v. *High Point Bending & Chair Co.*, 75 S.E.2d 768 (N.C.); *Urda* v. *Pan American World Airways*, 211 F.2d 713 (5th Cir. 1954), where an employee died in Brazil in the course of employment, and after his widow received compensation under the Florida Workmen's Compensation Act, a federal court rejected her cause of action of damages under the rule of *"lex loci delicti"* which she had under the Brazilian law, on the ground that the Florida statute granted an exclusive remedy against the employer.

Whether or not the distinction is good or effectual, or whether or not the common-law rule of "indemnity" or the primary or secondary presumption of negligence governs in this jurisdiction, it is unquestionable that under any of the concepts invoked, or under any of the concepts whereby the employer may be brought in, the undeniable fact would always be at bottom that any liability imposed upon the employer as third-party defendant, whether for damages properly, for "contribution," or for "indemnity," would have its origin in a death declared a labor accident. We are not going to open a gap in the compensatory system by a "jurisprudential exception," and in any event let the lawmaker have his say.

The judgment dismissing summarily the third-party claim in this case was proper and will be affirmed.