**Wilbert L. GARNER, Appellant,**

v.

**SAM S. BEVARD & SONS, t/a Silver Hill Sand, Gravel and Concrete Company, Appellee.**

**No. 8793.**

District of Columbia Court of Appeals.

Argued March 27, 1975.

Decided July 24, 1975.

---

Kenneth Shepherd, Washington D. C., for appellant.

Leo A. Roth, Jr., Washington, D. C., for appellee.

Before NEBEKER and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

Appellant obtained a judgment for $2,551 in his action against appellee for personal injuries. Not satisfied with the amount of his judgment, appellant seeks a new trial because of claimed errors of the trial judge limiting the jury in its award of damages for medical expenses and loss of earnings.

Appellant, a Metro bus driver, was in his stopped bus when it was struck by appellee's truck travelling at a speed of 50 or 55 miles an hour and unable to stop because of faulty brakes. The force of the impact drove the bus sideways 15 or 20 feet. Appellant was thrown against the side window of the bus. His head hit the top of the bus, his knee hit the fare box, and his back struck some part of the bus. He was taken to a doctor and x-rays were made of his skull, right knee, shoulders and back. Apparently no bone injury was disclosed. Appellant was given pills to relax his muscles and he also received deep heat treatment.

Appellant testified he had severe pains in his back, neck and head and that the back pains continued even after he returned to work approximately three months after the accident. He continued to receive medical treatment, largely heat therapy, after returning to work. Appellant produced no medical testimony, and on cross-examination admitted that about a month after the accident his doctor sent him to an orthopedic specialist who found "nothing wrong" with him.

Appellant proffered his own testimony that because of his injuries he could not work from October 17 to January 14 and consequently lost wages amounting to

$3,179, and that he incurred doctor's bills for treatment from October 17 to April totalling $1,201.10. Evidently disturbed by the lack of supporting medical testimony the trial judge limited the testimony as to lost wages to the period of October 17 to November 4 ($661) and the doctor's bills to those between October 17 and November 19 ($390), and the jury was specifically instructed it could not award compensation for those two items in excess of those amounts. Apparently the judge imposed no limitation on the claim for pain and suffering.[1]

The jury returned a verdict in the following words:

> We find for Mr. Garner $390 for medical expenses, $661 for lost wages, and $1500 for pain and suffering, for a grand total of $2551.[2]

As the jury awarded the full amounts allowed by the judge for medical expenses and lost wages, appellant with some logic argues that except for the court's limitation the jury would have awarded larger amounts. It is a matter of conjecture whether the award for pain and suffering was increased, diminished or unaffected by the court's ruling on the other two items.

The trial judge was of the opinion that the plaintiff could properly testify to medical bills incurred and wages lost for a reasonable period following the accident, but that for an extended period medical testimony was necessary to establish a causal connection between the injury and the expenses and lost wages. Accordingly, in the absence of medical testimony the court fixed what it considered to be a reasonable limitation on the time for which those items might be claimed. Otherwise, the court felt it would permit speculation on the part of the jury. To prevent such speculation, the court felt compelled to fix certain time limits, arbitrary though they might seem.

■ This court has said that medical testimony may be required in a personal injury case "when in determining causation, complicated medical questions must be resolved." *Jones v. Miller*, D.C.App., 290 A.2d 587, 590 (1972). Here there was no claim of a bone fracture, torn ligament, internal injury or the like which could require expert medical testimony as to its existence or disabling effect. Appellant testified only to aches and pains in his back, neck and head, and common experience teaches that aches and pains usually result from an accident of this sort. The severity and duration of such aches and pains can usually be described best by the person who suffers them. *Jones v. Miller, supra* at 590 n. 5. The trial judge apparently recognized this and permitted appellant to describe his pains and tell how long they existed, and the court did not limit the recovery for pain and suffering. But the court refused to allow appellant to testify that because of the pain he was not able to work at an earlier date and that because of the pain he continued to receive medical treatment even after he returned to work.

■ We think the judge was in error. If one may testify to the pain resulting from an injury, he should also be permitted to testify to the effect of that pain on his ability to work and his need for medical treatment. Expert medical testimony may add weight to his testimony, and the absence of supporting medical testimony may be called to the attention of the jury, but the weight of the evidence and the credibility of the witness are matters for the jury and not for the court.

*Reversed with instructions to grant a new trial.*

---

1. The entire charge to the jury is not included in the record.

2. The record does not disclose whether this unusual form of verdict was required by the judge or volunteered by the jury.