Marlene MANES, Appellant,

v.

William H. DOWLING, Appellee.

No. 9928.

District of Columbia Court of Appeals.

Argued Nov. 9, 1976.

Decided June 20, 1977.

George F. Bason, Jr., Washington, D. C., for appellant.

William D. Foote, Jr., Washington, D. C., with whom James C. Gregg, Washington, D. C., was on the brief, for appellee.

Before FICKLING,* GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge.

Appellant, plaintiff below, appeals from a judgment in favor of appellee (defendant) and from the denial of her motion for a new trial. This litigation arose from a parking lot automobile accident in February 1969. Appellee testified at trial that he backed into appellant's car but denied that appellant could have suffered any personal injuries from that accident. The only evidence presented to the jury of the damage done to appellant's car showed that appellee's car's bumper scraped the fender of appellant's car causing no dent but only "a scrape about an inch or inch and a half long." Appellant claims various personal injuries from the accident including back and neck pain, headaches, blurred vision, and a lack of depth perception.

Numerous issues are presented on appeal, only three of which require any extended discussion. First, did the trial court abuse its discretion in not allowing appellant's optometrist to testify out of order, that is, before the plaintiff herself testified? Second, did the trial court abuse its discretion in giving a claim-minded-plaintiff instruction over plaintiff's objection? Third, did the trial court improperly impose a time limit on compensable damages?

On the first issue, both parties agree that the trial court has discretion concerning the order in which civil trial witnesses testify, and that the test on appeal is whether that discretion was abused. In the instant case, the trial court specifically noted that:

[I]n a case like this where, so far, the testimony is that there was a mere scrape . . . of a car backing out of a parking place, and you've got a claim like this for substantial injuries resulting from that kind of an accident, I think, in the

---

* Associate Judge Fickling was a member of this division at the time the case was argued, but died before the entry of this opinion.

interest of fairness, the Court ought to require the Plaintiff to put on her testimony before we call a Doctor.

. . . . .

. . . Normally, I would try to accommodate Doctors, and particularly in a case like this where you have one from out of town. But, I think, in this case, I ought to sustain the objection.

We do not find an abuse of the trial court's discretion in these circumstances.[1]

The second point on appeal concerns the giving of a claim-minded-plaintiff instruction over appellant's objection. At issue is whether the instruction is proper where the other accidents and claims are subsequent to the accident about which the trial is being held.[2]

■ In this jurisdiction, it has been held permissible to introduce evidence of prior accidents and claims and to instruct the jury concerning the use of such evidence. *Mintz v. Premier Cab Association, Inc.,* 75 U.S.App.D.C. 389, 127 F.2d 744 (1942). *See also Hinkle v. Hampton,* 388 F.2d 141, 144–45 (10th Cir. 1968); Annot., 69 A.L.R.2d 593 (1960).

In *Mintz, supra,* as in the instant case, the accident's occurrence was conceded, and the only issue was the extent of plaintiff's injury. Evidence of two prior accidents and claims was admitted and defendant's counsel was permitted to argue that that evidence showed plaintiff to be "claim-minded." In holding that the evidence was admissible and that the argument was permis-

sible, the court noted that the purpose of a claim-minded-plaintiff instruction is to allow a jury to "discount or disregard testimony which runs counter to normal experience." *Id.* 75 U.S.App.D.C. at 389, 127 F.2d at 744.

> Negligent injury is not unusual, but it is unusual for one person, not engaged in hazardous activities, to suffer it repeatedly within a short period and at the hands of different persons. . . . That all three of appellant's stories may have been true affects the weight of the evidence, not its admissibility. It was for the jury to decide from all the evidence, and from its observation of appellant on the stand, whether she was merely unlucky or was "claim-minded." [*Id.* at 390, 127 F.2d at 745.]

The rationale of *Mintz, supra,* was adhered to by this court in *Evans v. Greyhound Corp.,* D.C.App., 200 A.2d 194 (1964), in which we held that evidence of two previous, settled claims was admissible and that "[i]t was the function of the jury to decide from all the evidence and from its observation of appellant on the stand whether she was merely unfortunate or was 'claim-minded.'" *Id.* at 196.

■ We are not confronted with the issue of admissibility in the instant case because appellant herself on direct examination brought out the evidence of four of the five subsequent accidents; however, considering the purpose for which such evidence has been deemed admissible, we do

---

1. We find no merit in appellant's contention that the trial court abused its discretion in not postponing its adjournment for the night so that appellant could call the optometrist after she finished her testimony and after defense counsel finished his cross-examination of her. Giving due regard to the experience of the trial judge and the judge's proper concerns for court personnel and the jury, we cannot say that the 5:10 p. m. adjournment order was an abuse of his discretion.

We further find that the trial court did not err in failing to grant a requested adjournment, recess, or continuance so that the plaintiff could take the doctor's deposition. The granting of a continuance also is within the discretion of the trial judge, and we hold that his decision to deny one was not an abuse of that

discretion particularly since four other continuances had previously been granted.

2. The accident giving rise to this trial occurred in February 1969. A second parking lot accident occurred in October 1969; plaintiff was awarded about a $100 judgment. A third accident (falling down some steps) occurred in 1970; a claim for injuries was filed with the hotel and was settled; no suit was filed.

A fourth accident occurred in December 1971 (a piece of plywood flew off another car and struck plaintiff's car). A fifth accident occurred in December 1972 (plaintiff's car was struck from behind; it flipped in the air and turned upside down); plaintiff was in the hospital for 50 days as a result of this accident.

not see any reason why evidence of subsequent accidents and claims is more objectionable or any less probative of the issue of the nature and extent of injuries. Nor has appellant provided us with any reason. It is for the jury to decide whether on that evidence appellant was unlucky or claim-minded.

The third issue concerns the court's limiting the plaintiff's damages to those suffered from February 15, 1969, to October 16, 1969 (the date of the second parking lot accident). The general rule regarding damages is that the plaintiff must prove that the damages were in fact the direct result of the injuries caused by the defendant; in addition, plaintiff must prove the amount of those damages suffered as a result of defendant's conduct with reasonable certainty. D. Dobbs, Handbook of the Law of Remedies § 3.3 at 148 (1973).

Appellant's testimony was not limited in the instant case, *see Garner v. Sam S. Bevard & Sons,* D.C.App., 342 A.2d 52 (1975), yet she still was unable to sustain her burden of proving causation in order for evidence regarding the post-October injuries to go to the jury. In fact, the testimony shows that one of appellant's doctors was unable to tell whether the February or the October accident caused the injuries. Moreover, appellant was inconsistent in her own testimony about which pains came from which accident. Her burden of proof not met, the damages issue was properly limited by the court.

We treat briefly with the other issues raised by appellant. We hold that the trial court did not abuse its discretion in not allowing one of appellant's witnesses to testify because appellant had not given written notice of her intention to call him as a witness. The pretrial order in this case specifically provided that names, addresses, and telephone numbers of all witnesses be forwarded to counsel before trial. The pretrial order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." Super.Ct. Civ.R. 16. *See Redding v. Capitol Cab Co.,* D.C.App., 284 A.2d 54, 55 (1971). It was not an abuse of the trial judge's discretion in the circumstances of this case to hold appellant to the pretrial order, a fair reading of which would be that written notice was required.

We further hold that the trial court did not abuse its discretion in refusing appellant's request for a missing-witness instruction based on appellee's failing to call his own medical expert who had examined appellant. *See* D.C. Standardized Jury Instructions No. 37 (rev. ed. 1968). The instruction is appropriate only when the missing witness is "peculiarly available to one party" (here, appellee). Appellant has not shown such unavailability and cannot now argue error for her own failure to subpoena the doctor.

Appellant's complaint that the jury instructions were unduly repetitious in explaining her burden of proof on the damages issue is not properly before us. Appellant did not object to the instructions being "repetitious," and in fact told the court that (except for her prior objection to specific instructions) she was satisfied with the instructions as given. She cannot now assign those instructions as error. Super.Ct.Civ.R. 51. In any event, the instructions were not unduly repetitious; the only issue for jury resolution was appellant's burden of proving her damages, and the instructions were of necessity directed to that issue.

In light of our resolution of all of the above issues, we find no abuse of discretion in the denial of appellant's motion for a new trial. Accordingly, the judgment is

*Affirmed.*