**Levi BUNION**

v.

**ALLSTATE INSURANCE CO.**

**Civ. A. No. 78–1774.**

United States District Court,
E. D. Pennsylvania.

Nov. 21, 1980.

Matthew D. Carrafiello, Philadelphia, Pa., for plaintiff.

Peter Neeson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GILES, District Judge.

This is a diversity action arising from an accident in 1976 in which plaintiff's car was allegedly rear–ended by another car, causing injuries to his chest, back, and internal organs. Defendant has now filed two motions, one for reconsideration of a denial of a prior motion for partial summary judgment and the other *in limine* as to the admission as evidence at trial the fact that plaintiff was involved in prior accidents.

### The Motion for Reconsideration

This motion poses the question whether an automobile owner covered by Pennsylvania no–fault insurance may recover punitive damages from his insurer in a basic contract action for payment of a claim. Count I of the complaint demands payment of medical expenses and lost wages. Count II demands punitive damages for alleged malicious refusal to pay the claims.

In September 1979, defendant moved for partial summary judgment on the ground that Pennsylvania law does not allow recovery of punitive damages from a no–fault insurer. Judge Ditter, to whom this case

then was assigned, denied the motion, apparently on the basis of the holding in *Armour v. Concord Mutual Insurance Co.*, 9 Pa.D. & C.3d 120, 123–24 (C.P.1979). Subsequent to that denial, the state intermediate appellate court held that punitive damages are not recoverable from a no–fault insurer. *Smith v. Harleysville Insurance Co.*, 418 A.2d 705, 1979 (Pa.Super.Ct.1980), *petition for allowance of appeal filed*, March 24, 1980. On the basis of *Smith*, defendant has moved for reconsideration of the motion. Plaintiff agrees with defendant's description of the holding in *Smith*, but urges that this court not follow it. He argues that the issue of recovery of punitive damages has not been ruled on by the state's highest court, and that *Smith* was decided only by a panel rather than by the Superior Court *en banc*.

Under the Rules of Decision Act, 28 U.S.C. § 152, and *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), state law controls in diversity cases. The United States Supreme Court has long ruled that in determining state law when the highest court of the state has not spoken, "an intermediate appellate state court...is a datum for ascertaining state law which is not to be disregarded by a federal court *unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.*" *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967) (quoting *West v. AT&T Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1949)) (*Bosch* Court's emphasis). Therefore, plaintiff's argument that *Smith* not be followed because it was decided by an intermediate court amounts to but a plea that this court somehow overrule or ignore the dictates of *Bosch*. Plaintiff's argument that *Smith* be disregarded because it was a panel decision does not amount to "persuasive data."

Further, it must be noted that subsequent to *Smith*, a different four–judge panel reached the identical result in *Gurnick v. Government Employees Insurance Co.*, 420 A.2d 620 1979 (Pa.Super.Ct.1980). (Judge Hoffman dissented on the ground that the issue was not appealable, *inter alia*, on the ground that "because this case presents the same issue as *Smith*, there is no need to reaffirm that decision." *Id.* dissent, n.5.)

■ There being no genuine issue as to any material fact, this court adopts Judge McGlynn's post–*Smith* analysis in *Allen v. Mic Life Insurance Co.*, No. 80–116, slip op. at 3 (E.D.Pa. May 2, 1980) (dismissing claims for punitive damages), and the holding that "[s]uch clear pronouncements of the law by Pennsylvania courts mandate dismissal" of the punitive damage claim. *See Mazzula v. Monarch Life Insurance Co.*, 487 F.Supp. 1299 (E.D.Pa.1980). *See also Bochner v. Quitman*, No. 79–2532 (E.D.Pa. July 29, 1980) (order dismissing exemplary damage claim). For these reasons, defendant's motion for partial summary judgment is granted.

### The Motion to Admit Evidence

Defendant also moves to admit as evidence at time of trial facts relating to other accidents involving plaintiff. Such evidence would be proferred in an effort to show that plaintiff is "claim–minded." Defendant alleges that plaintiff has made claims in seven other accidents in the last nine years. Three accidents were falls in plaintiff's house occurring in 1971. One was a rear–end collision in 1974. The remaining incidents occurred in 1972, 1977, and 1979. The details of these three incidents are unclear, but apparently one of these was yet another vehicular accident.

Defendant asserts that, as in the present case, plaintiff was the only eyewitness to four of the incidents–the home falls and the 1974 rear–end collision–and also that, as here, there is no police report for the 1974 accident.

Plaintiff counters that this proferred evidence does not show a pattern of similar claims. In particular, he states that there were several other eyewitnesses to the prior rear–end collision which involved circumstances significantly different from those in this action. Finally, plaintiff argues that such evidence would be irrelevant and prejudicial.

■ In order to rule that evidence is admissible, this court must find that its probative value is not substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. The admissibility of evidence of claim–mindedness has been the subject of considerable cogent discussion. See *McCormick's Handbook of the Law of Evidence* § 196 (E. Cleary ed. 1972) [hereinafter cited as *McCormick*]; also see 3A J. Wigmore, *Evidence* § 963 (Chadbourn ed. 1970); Annot., 69 A.L.R.2d 593 (1960).

■ Where it has been proved that a party brought previous claims which were similar in nature *and* fraudulent, most courts have admitted the evidence of the former claims on the ground that it is strongly relevant to falsity of the current claim. *McCormick, supra*, § 196 at 466. Here, inasmuch as there is no proof by defendants that the plaintiff's other claims were fraudulent, defendant's evidence does not fall within an accepted exception for proven false claims.

At the other end of the spectrum, evidence tending to show that a party is a chronic personal–injury claimant generally has been excluded because its slight probative value has been deemed outweighed by the danger of prejudice. *Id.* In this case, the probative value of any evidence cannot be ascertained presently because defendant has described some of the claims in no greater detail than "automobile or home related accidents." Here, defendant has not shown sufficient similarity between plaintiff's prior claims and the current one to warrant any inference of fraud.

There are the middle ground situations where there has been a showing of repeated similar claims. *Id.* 466–67. Such evidence may be relevant due to improbability of chance repetitions of similar accidents to the same person. Simultaneously, however, such evidence may be prejudicial to litigants who may be accident prone or otherwise innocent of fraud. McCormick suggests that "the judge, balancing in his discretion probative value against prejudice, should admit the evidence only when the proponent has produced or will produce oth-

er evidence of fraud." *Id.* 467. In this case, defendant offers no such corroborative evidence. Furthermore, the balancing of relevancy against prejudice is impeded, and indeed precluded, by the lack of detail and clarity as to exactly what evidence defendant intends to introduce and the purpose for which it is offered. Defendant has neither identified which depositions or other testimony he wishes to introduce, nor identified any similarity among the accidents or injuries, nor made an offer of proof of fraud, nor stated whether the evidence will be introduced as part of his case–in–chief, on rebuttal, or on cross–examination.

In the case upon which defendant places primary reliance, the evidence of similar accidents or fraud was admitted on cross–examination for the purpose of impeaching the witness. *Mintz v. Premier Cab Association*, 127 F.2d 744, 744 (D.C.Cir.1942). Other cases cited by defendant show that the evidence of similar accidents or fraud was either introduced on cross–examination, was introduced by plaintiff, or was admitted for impeachment purposes or as tending to show that injury had been caused by prior accidents as opposed to direct proof of fraud. *See Atkinson v. Atchinson, Topeka & Santa Fe Railway*, 197 F.2d 244, 245–46 (10th Cir. 1952) (evidence was elicited on cross–examination, was admitted as tending to impeach plaintiff's testimony of particular careful driving habits); *Manes v. Dowling*, 375 A.2d 221, 223–24 (D.C.1977) (evidence introduced by plaintiff, admitted as relevant to the nature and extent of injuries); *Evans v. Greyhound Corp.*, 200 A.2d 194, 196 (D.C.1964) (evidence admitted on cross–examination).

Here, in the absence of a clear showing of the existence of probative and admissible evidence, the motion *in limine* is denied.

An appropriate Order follows.

### ORDER

AND NOW, this 21st day of November, 1980, it is hereby ORDERED that:

1. The Order dismissing defendant's Motion for Summary Judgment, filed Septem-

ber 18, 1979, is VACATED and defendant's Motion for Partial Summary Judgment is GRANTED.

2. Defendant's Motion in Limine to Admit the Use of Certain Items of Evidence During Trial, filed June 25, 1980, is DENIED.

3. On or before November 24, 1980, each party shall file requests for jury instructions (in duplicate), proposed special interrogatories addressed to the jury, and memoranda on all contested legal issues.

### JUDGMENT

AND NOW, this 21st day of November, 1980, it is hereby ORDERED that as to Count II, only, of plaintiff's complaint, judgment is entered in favor of defendant, Allstate Insurance Co., and against plaintiff, Levi Bunion.